Attorneys for Plaintiffs

Joshua Prince, Esq.
Attorney Id. No. 306521
Civil Rights Defense Firm, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(888) 202-9297 ext 81114
(610) 400-8439 (f)
Joshua@CivilRightsDefenseFirm.com

Adam Kraut, Esq.
Attorney Id. No. 318482
Firearms Policy Coalition
1215 K Street, 17th Floor
Sacramento, CA 95814
(916) 476-2342
Akraut@fpclaw.org

Attorney for Defendant

Alexander Korn, Esq.
Deputy Attorney General
Attorney Id. No. 323957
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 712-2037
Akorn@attorneygeneral.gov

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULIO SUAREZ;** | : | Civil Rights Complaint |
| **DANIEL R. BINDERUP;** | : | 42 U.S.C. § 1983 |
| **DANIEL F. MILLER;** | : | |
| **FIREARMS POLICY** | : | Civil Action No. 1:21-CV-710 |
| **COALITION, INC.; and,** | : | |
| **SECOND AMENDMENT** | : | |

|  |  |
|---|---|
| **FOUNDATION,** | : |
| | : |
| Plaintiffs | : |
| **v.** | : |
| | : |
| **COL. ROBERT EVANCHICK,** | : |
| Commissioner of Pennsylvania | : |
| State Police | : |
| Defendant | : |

## JOINT CASE MANAGEMENT PLAN

<u>Instructions</u>:   In many cases there will be more parties in the action than there are spaces provided in this form.   Each party shall provide all requested information.   If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan.   Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

(Revised 06/2017)

**1. Principal Issues**

1.1 Separately for each party, please give a statement summarizing this case:
By plaintiff(s):

Defendant's implementation and active enforcement of 18 Pa.C.S. §§ 6106, 6107, 6108, 6109 and policies, practices, and customs related thereto violate the Second and Fourteenth Amendments to the U.S.

By defendant(s):

The Pennsylvania state laws challenged by Plaintiffs – which govern licenses that are required for individuals to carry concealed firearms on their person outside of their homes or in their vehicles – are precisely the type of "presumptively lawful" and "longstanding" measures that that the Supreme Court has held are outside the scope of the protections afforded by the Second Amendment. *District of Columbia v. Heller*, 554 U.S. 570, 626-7, 627 n.26 (2008).

1.2 The facts the parties dispute are as follows:

**None at the present time; however, Defendants may need to explore the factual assertions of Plaintiffs depending on the Courts disposition of the pending Motion to Dismiss**

agree upon are as follows: **N/A**

1.3 The legal issues the parties dispute are as follows:

**Whether the complained of statutes violate the Second and Fourteenth Amendments to the U.S. Constitution**

agree upon are as follows: **N/A**

1.4 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue: **NONE**

1.5 Identify any named parties that have not yet been served: **NONE**

1.6  Identify any additional parties that:

plaintiff(s) intends to join: **NONE**

defendant(s) intends to join: **NONE**

1.7  Identify any additional claims that:

plaintiff(s) intends to add: **NONE**

defendant(s) intends to add: **NONE**

**2.0  Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1  Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by   Plaintiffs' Counsel:

| Name | Title/Position |
|---|---|
| Julio Suarez | Plaintiff |
| Daniel Binderup | Plaintiff |
| Daniel Miller | Plaintiff |
| Firearm Policy Coalition, Inc | Plaintiff |
| Second Amendment Foundation | Plaintiff |

Disclosed by   Defendant's Counsel:

| Name | Title/Position |
|---|---|
| Col. Robert Evanchick | Defendant |

**3.0** **Early Motions**

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Motion to Dismiss | Defendant | Brief in Support – July 15th |
| 2nd Motion for Summary Judgment | Plaintiff | Seek guidance from Court |

**4.0** **Discovery**

4.1 Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s): **Rule 26**

By defendant(s): **Rule 26**

4.2 Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"): **Unknown at the present time; Parties agree to stay discovery pending the Court's resolution of the pending Motion to Dismiss, in the interest of efficiency and economy.**

4.3 Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it: **N/A**

4.4 Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation: **N/A**

4.5 For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)): **N/A**

4.5.1 depositions (excluding experts) to be taken by: **N/A**

plaintiff(s):_____   defendant(s):_____

4.5.2 interrogatories to be served by:

plaintiff(s):_____   defendant(s):_____

4.5.3   document production requests to be served by: **N/A**

        plaintiff(s):_____   defendant(s):_____

    4.5.4   requests for admission to be served by: **N/A**

        plaintiff(s):_____   defendant(s):_____

4.6   Discovery of Electronically Stored Information

    X Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

    X Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**5.0   Protective Order**

5.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order.   Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent. **N/A, at the present time.**

5.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below: **N/A**

**6.0   Scheduling**

6.1   Final date for joining additional parties: **N/A**

    _____ Plaintiff(s)
    _____ Defendants(s)

6.2   Final date for amending pleadings**: N/A**

    _____ Plaintiff(s)

    _____ Defendants(s)

6.3   All fact discovery commenced in time to be completed by: **N/A**
    _____

6.4   All potentially dispositive motions should be filed by:   Defendant filed a Motion

to Dismiss and Plaintiffs may file a second Motion for Summary either during the pendency of Defendants Motion to Dismiss or after the Court's resolution of Defendant's Motion to Dismiss.

6.5   Reports from retained experts due: **N/A**

   from plaintiff(s) by _____

   from defendant(s) by _____

6.6   Supplementations due   **N/A** _____

6.7   All expert discovery commenced in time to be completed by   **N/A**

6.8   This case may be appropriate for trial in approximately: **N/A**

   ____ 240 Days from the filing of the action in this court

   ____ 365 Days from the filing of the action in this court

   ____ Days from the filing of the action in this court

6.9   Suggested Date for the final Pretrial Conference: **N/A**

   _____ (month/year)

6.10   Trial

   6.10.1  Suggested Date for Trial:

   __**N/A**__ (month/year)

**7.0   Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Joshua Prince, Esq.
Name

Attorney for Plaintiffs
Title

Civil Rights Defense Firm, P.C., 646 Lenape Road, Bechtelsville, PA 19505

_____
Address

(888) 202 - 9297     Daytime Telephone

Alexander Korn
Name

Attorney for Defendant
Title

Office of Attorney General, Civil Law Division – Litigation

15th Floor, Strawberry Square, Harrisburg, PA 17120
Address

( 717) 712 - 2037     Daytime Telephone

**8.0  Alternative Dispute Resolution ("ADR")**

    8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

          ADR procedure   **N/A**

          Date ADR to be commenced
          Date ADR to be completed

    8.2    If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended: **N/A**

    8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view: **Strictly legal/constitutional law issue**

**9.0   Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. ' 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:      Y     **X**    N.

If parties agree to proceed before a magistrate judge, please indicate below which

location is desired for the proceedings:

   _____ Scranton/Wilkes-Barre
   _____ Harrisburg
   _____Williamsport

**10.0  Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**Parties agree to stay discovery pending the Court's resolution of the Defendant's Motion to Dismiss. Parties believe this matter will be resolved either through Defendant's Motion to Dismiss or cross-Motions for Summary Judgment.**

**11.0  Identification of Counsel**

Counsel shall be registered users of the court=s Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.   Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.   Any request for waiver of electronic filing must be filed with the Clerk=s Office prior to the case management conference.   The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party.   Also please indicate ECF User status below.

Dated: _____   /s/ Joshua Prince, Esq._____
       Attorney(s) for Plaintiff(s)
      **G**ECF User(s)
      **G**Waiver requested (as separate document)
      **G**Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated: _____   /s/ Alexander T. Korn_____
       Attorneys(s) for Defendant(s)
      **G**ECF User(s)
      **G**Waiver requested (as separate document)
      **G**Fed.R.Civ.P.7.1 (statement filed if necessary)*

\* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.