IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JULIO SUAREZ; DANIEL R. BINDERUP; DANIEL F. MILLER; FIREARMS POLICY COALITION, INC.; and SECOND AMENDMENT FOUNDATION,** : <br><br> **Plaintiffs** : <br><br> v. : <br><br> **COL. ROBERT EVANCHICK, Commissioner of Pennsylvania State Police,** : <br><br> **Defendant** : | **CIVIL ACTION NO. 1:21-CV-710** <br><br> **(Judge Conner)** |

### CIVIL PRACTICE ORDER

AND NOW, this 15th day of July, 2021, for the purpose of establishing practices and procedures to govern the above-captioned civil action, it is hereby ORDERED that:

1. The practices and procedures in the above-captioned civil action shall be in accordance with the Federal Rules of Civil Procedure and the Local Rules of Court, except as modified by this order and other orders of this court.

2. Counsel and *pro se* parties are responsible for reading this order thoroughly upon receipt and for reviewing it regularly as the case proceeds. A *pro se* party shall have all the duties that would normally be placed upon their counsel by the Federal Rules, Local Rules, this order, and other orders of this court, unless otherwise noted.

3. Parties are encouraged to consent to disposition of this case by a United States Magistrate Judge under 28 U.S.C. § 636(c)(1). A copy of the consent form adopted by this district is available on the court's website at https://www.pamd.uscourts.gov/sites/pamd/files/forms/directconsentMDPA_4-26-19.pdf.

4. All written communication with the court shall be filed to CM/ECF. Correspondence should not be mailed, emailed, or faxed to chambers. Counsel shall not copy the court on correspondence between counsel unless specifically invited to do so by the court.

5. Courtesy copies of motions, briefs, exhibits, and other filings are discouraged unless the submission is voluminous. Counsel should contact chambers at (717) 221-3945 if unsure whether a courtesy copy is appropriate. This rule shall not apply to *pro se* litigants, who shall file all documents in hard copy with the Clerk of Court.

6. Inquiries concerning scheduling matters, courtroom logistics, and other matters should be directed to chambers at (717) 221-3945.

### Discovery Procedures

7. Counsel shall proceed with active discovery during the court's consideration of a motion to dismiss unless otherwise ordered. Any request to suspend discovery pending disposition of a motion to dismiss shall be brought to the court by formal motion.

8. Confidentiality agreements shall be submitted by stipulation. Any such stipulation shall provide a separate signature line for the court's approval.

9. If a discovery dispute arises and is not resolved after counsel attempt in good faith to do so, counsel shall file a letter to the docket requesting a telephonic discovery conference and outlining the nature of the dispute. Counsel shall not file a formal discovery motion unless directed to do so following the telephonic conference.

10. In nonjury cases, counsel shall meet within four weeks after the close of discovery and discuss settlement. After that meeting, counsel shall notify this court if they would like the assistance of a United States Magistrate Judge in conducting a formal settlement conference.

### Motions Generally

11. Unless otherwise directed, all requests for court action other than discovery disputes shall be presented to the court by formal motion complying with the Local Rules, particularly Local Rule 5.1(g) (proposed orders), Local Rule 7.1 (certificates of concurrence or nonconcurrence), and Local Rule 7.5 (supporting briefs).

12. If moving counsel cannot reach counsel for other parties at the time a motion is filed, the Local Rule 7.1 certificate shall so certify.  Moving counsel shall have a continuing duty to file a certificate of concurrence or nonconcurrence within a reasonable time after all other counsel have been reached and have either granted or withheld concurrence.  Concurrence in a motion to extend time shall not obviate the need for the movant to set forth in the motion the reasons for the requested extension.

13. In accordance with Local Rule 7.8, all briefs shall each be limited to the greater of 15 pages or 5,000 words unless otherwise authorized by the undersigned.  This requirement will be strictly enforced, and the court may, in its discretion, strike any brief that exceeds this limitation without prior authorization.  Any motion for permission to exceed the page or word limitation must be filed at least two business days before the brief is due.

14. Requests for oral argument will be considered on a case-by-case basis.  Counsel desiring oral argument shall include a formal request for argument in their motion and supporting brief.  Counsel shall not file a separate motion requesting oral argument.

15. Counsel shall include a table of contents with page references in every brief regardless of whether the brief exceeds 15 pages.

16. The requirement of Local Rule 7.8(a) that a party attach to their brief a copy of each unpublished opinion cited therein shall apply in this case *only* to the extent the cited opinion is unavailable on either Westlaw or Lexis.

## Dispositive Motion Practice

17. Dispositive motions shall be filed together with supporting briefs by the deadline established in the court's case management order, as modified by any subsequent scheduling order(s).

18. In multiple-defendant cases, any defendant contemplating a dispositive motion shall confer with other defense counsel and agree to file joint motions and briefs whenever possible.  This requirement shall also apply to plaintiffs in multiple-plaintiff cases.  Those parties needing to brief separate issues may do so by filing separate briefs.

19. In accordance with Local Rule 5.1(h), each dispositive motion, supporting brief, and statement of facts required to be filed under Local Rule 56.1 shall be filed as a separate docket entry.

20. Counsel shall file an index of exhibits as an attachment to the statement of material facts required to be filed under Local Rule 56.1. Counsel shall thereafter file each individual exhibit in support of or opposition to summary judgment as a separate attachment to their statement of material facts. Omnibus attachments combining multiple exhibits will be stricken, and counsel will be directed to resubmit their filing in conformity with this instruction.

21. The court prefers that parties submit full deposition transcripts, rather than excerpts or partial transcripts, with the statement of material facts required to be filed under Local Rule 56.1.

## Pretrial Proceedings

22. The schedule for pretrial proceedings will be established during a pretrial scheduling conference to be held after counsel notify the court that no dispositive motions will be filed or, if dispositive motions are filed, after the motions have been resolved.

23. Motions *in limine* shall be filed together with supporting briefs by the deadline to be determined during the pretrial scheduling conference. Any motion to exclude expert testimony that will require a Daubert hearing shall be filed within 30 days from receipt of the challenged expert's report, unless otherwise ordered.

24. A final pretrial conference will be held on a date and time to be determined during the pretrial scheduling conference. The following procedures shall apply to the pretrial conference:

    a. In accordance with Local Rule 16.2(b), lead counsel who will try the case as well as litigants or other representatives who have settlement authority must be present at the pretrial conference. Any request concerning attendance at the conference shall be made by motion no later than three days before the conference.

    b. No later than the pretrial conference, counsel shall notify the court if they wish to employ the summary jury trial procedure.

    c. At the pretrial conference, counsel for plaintiff(s) shall be required to set forth the elements of the claim(s) raised, and

counsel for defendant(s) shall be required to identify any legal defense(s) that may be raised. During trial, the court will limit counsel to the legal theories and defenses identified at the pretrial conference, unless good cause is shown for allowing additional legal theories or defenses and the court is provided sufficient time to consider and evaluate them before the start of trial.

25. The following procedures shall govern the parties' preparation for the pretrial conference:

   a. Each party shall file a pretrial memorandum no later than one week before the pretrial conference. Failure to timely file a pretrial memorandum will result in an appropriate sanction under Federal Rule 16(f).

   b. The parties shall utilize the pretrial memorandum form attached to the Local Rules and designated "Appendix B." The pretrial memorandum form is available on the court's website at https://www.pamd.uscourts.gov/sites/pamd/files/forms/Pretrial_mem.pdf.

   c. Each pretrial memorandum shall include a table of contents with page references. Expert reports, if any, and exhibit lists shall be submitted as separate attachments to the parties' pretrial memoranda. In addition:

      i. In jury cases, proposed *voir dire*, proposed points for charge, and proposed special interrogatories and verdict forms shall be submitted as separate attachments to the parties' pretrial memoranda.

      ii. In jury cases, the parties shall also attach to their pretrial memoranda a joint *voir dire* statement, a brief statement describing the case which will be read by the court to the prospective jurors during *voir dire*. In most cases, this statement should not exceed one paragraph.

      iii. In nonjury cases, proposed findings of fact and conclusions of law shall be submitted as separate attachments to the parties' pretrial memoranda. The court may order the parties to supplement proposed findings with citations to the transcript and admitted exhibits after the nonjury trial.

    d.    If the parties intend to use depositions at trial in place of live testimony, the parties shall review the depositions before the pretrial conference.  If there are objections which cannot be resolved among counsel, the objections and a copy of the relevant transcript shall be submitted no later than one week before the pretrial conference.  If counsel fail to meet this deadline, the court may, in its discretion, deem the objections withdrawn.

    e.    Three weeks before the deadline for pretrial memoranda, counsel for the parties shall hold the attorneys' conference required by Local Rule 16.3.  This conference shall be in person unless the court, upon motion, approves a different arrangement.  Failure of plaintiff(s) to initiate the holding of the conference or of defendant(s) to respond to such initiative in an appropriate manner may result in the imposition of sanctions, including possible dismissal of the action.

    f.    In accordance with Local Rule 16.3(b), the parties shall pre-mark all exhibits during the meeting of counsel preceding the pretrial conference.  The parties shall list their exhibits on the Clerk's exhibit list form available on the court's website at https://www.pamd.uscourts.gov/sites/pamd/files/forms/exh-list.pdf.  Exhibit lists shall be submitted as a separate attachment to the parties' pretrial memoranda.

    g.    Counsel or *pro se* parties who intend to utilize courtroom technology during trial may contact the court's Deputy Clerk to arrange a date and time to familiarize themselves with and test the available technology.  The court expects counsel and *pro se* parties to have working familiarity with courtroom technology to avoid unnecessary delays during trial.

## Trial Procedures

26.    Jury selection and trial, or a bench trial in nonjury matters, will be scheduled for a date to be determined during the pretrial scheduling conference.

27.    Before trial begins, counsel must submit three complete exhibit lists and three complete sets of exhibits for the court's use, in addition to the original which will be offered into evidence.  Parties offering more than 10 documentary or photographic exhibits must provide the court with three copies of the exhibits in three-ring binders.

28. Any stipulations reached by the parties shall be reduced to writing and filed to the docket before trial.  Stipulations will be read into the record by counsel or by the court at an appropriate time during trial.

29. If any deposition to be used at trial is videotaped, a transcript of the deposition must be provided to the court before trial.

30. Counsel are strongly encouraged to utilize JERS (Jury Evidence Recording System) for presentation of admitted exhibits to the jury during deliberations.  To utilize JERS, counsel must submit a properly formatted USB flash drive with the complete set of exhibits to the court's Deputy Clerk no less than five days before the start of trial. Instructions for formatting JERS submissions are available on the court's website at http://www.pamd.uscourts.gov/jers.

31. Whenever any civil action scheduled for jury trial is settled or otherwise disposed of before trial begins, jurors' costs, including mileage and *per diem*, shall be assessed equally against the parties unless the Clerk's Office at the courthouse where trial is scheduled is notified of the settlement in sufficient time to permit the Clerk to advise the jurors that their attendance is not required.  Notice to the court before 2:00 p.m. on the last business day preceding the day on which trial is to start shall be sufficient for such purpose.  Any party may apply to the court for a different assessment of such costs or relief therefrom.

## ADR, Settlement, and Voluntary Dismissal

32. Several forms of alternative dispute resolution are available to the parties through the court.  The dispute may be referred to mediation through the court-annexed mediation program under Local Rule 16.8. More information on that program and a list of certified mediators is available on the court's website at https://www.pamd.uscourts.gov/alternative-dispute-resolution.  The parties may request the assistance of a United States Magistrate Judge or other judicial officer or neutral evaluator for purposes of conducting a settlement conference through the court's settlement officer program under Local Rule 16.9.  The parties may agree to participate in a summary jury trial.  And in some jury-trial cases, the court itself is also available to conduct a settlement conference.  Should the parties jointly agree to employ any of these forms of alternative dispute resolution, they shall so notify the court by filing a letter to the docket by no later than the date of the pretrial conference.

33. The parties shall comply with Federal Rule 41(a) in dismissing any civil action pursuant to a settlement agreement or other amicable resolution. Rule 41 contemplates three methods of dismissal:

    a. Before an answer or summary judgment motion has been filed, an action can be dismissed by a notice of dismissal signed by plaintiff(s) alone under Federal Rule 41(a)(1)(A)(i). No signature line for judicial approval is required; a signed notice of dismissal closes the case and ends the court's jurisdiction without further court action.

    b. After an answer or motion for summary judgment has been filed, the parties can dismiss a case by filing a stipulation of dismissal, under Federal Rule 41(a)(1)(A)(ii), signed by all parties to have appeared. No signature line for judicial approval is required; a stipulation of dismissal signed by all parties to have appeared closes the case and ends the court's jurisdiction without further court action.

    c. For any dismissal that is conditional or otherwise requires court approval, including, for example, a request that the court retain jurisdiction for a specific period of time for enforcement of the settlement, plaintiff(s) shall submit a motion to dismiss setting forth the requested terms for dismissal, accompanied by a proposed order, under Federal Rule 41(a)(2).

### Conflict with Local Rules

34. To the extent any provision of this order conflicts with any Local Rule or any standing order of this court, the conflicting provision of this order shall control and the Local Rule or standing order shall be suspended.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania