# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO SUAREZ, DANIEL BINDERUP, DANIEL MILLER, FIREARMS POLICY COALITION, INC. *and* SECOND AMENDMENT FOUNDATION, | : : : : : : | No. 1:21-CV-0710 |
| Plaintiffs | : : | Judge Conner |
| v. | : : | Electronically Filed Document *Complaint Filed 04/16/21* |
| ROBERT EVANCHICK, Defendant | : : : | |

## DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF HIS MOTION TO DISMISS THE COMPLAINT

Respectfully submitted,

JOSH SHAPIRO
Attorney General

By: *s/ Alexander T. Korn*
ALEXANDER T. KORN
Deputy Attorney General
Attorney ID 323957

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 712-2037**

KAREN M. ROMANO
Chief Deputy Attorney General
Civil Litigation Section

akorn@attorneygeneral.gov

**Date: September 2, 2021**

Counsel for Defendant

Defendant hereby submits this reply brief in further support of his motion to dismiss the Complaint.[1]

## INTRODUCTION

Stripped of its profuse rhetoric, Plaintiffs' opposition brief falls flat. Plaintiffs refer to the provisions of the Pennsylvania Uniform Firearms Act that they purport to challenge in this case as a "categorical ban," an "outright ban," a "*de facto* ban," a "total ban," a "drastic ban," and a "broad ban" on people like the Individual Plaintiffs who are disqualified from obtaining a license to carry a concealed firearm. In particular, Plaintiffs point to the fact that people without a concealed carry license cannot carry firearms on public property and public streets during declared states of emergency when they are not actively engaged in self-defense and also cannot transport firearms in their motor vehicles when traveling to unapproved locations. But the prohibited conduct Plaintiffs decry is not protected by the Second Amendment and the Pennsylvania laws that Plaintiffs purport to challenge are therefore not "banning" anything at all. To the contrary, Pennsylvania's laws strike a balance by protecting the Second Amendment rights of people like the Individual Plaintiffs who do not possess a concealed carry license, on the one hand, while also providing additional carrying and transport

---

[1]  Capitalized terms used herein and not otherwise defined are as defined in Defendant's opening brief. *See* Doc. 24.

privileges to those who do, on the other.  Pennsylvania is "regulating public carry" and transport "by imposing an objective standard for issuance of a carry permit, and its regulation is a longstanding, presumptively constitutional one."  *Drake v. Filko*, 724 F.3d 426, 433 n.9 (3d Cir. 2013).

For these reasons, as described further below, and for the reasons described in Defendant's opening brief, the Court should grant Defendant's motion to dismiss.

## ARGUMENT

Plaintiffs' Second Amendment claim fails because the Pennsylvania laws challenged by Plaintiffs (i) do not regulate conduct that is protected by the Second Amendment and (ii) serve a substantial and important interest and fit reasonably with that interest.

### I. PENNSYLVANIA'S FIREARM LAWS DO NOT REGULATE CONDUCT PROTECTED BY THE SECOND AMENDMENT

#### A. 18 Pa.C.S. §§ 6106 And 6109 Regulate Conduct Outside The Scope Of The Second Amendment's Guarantee

As described in Defendant's opening brief, 18 Pa.C.S. § 6109 prevents people who have been convicted of certain criminal offenses from obtaining a license to carry concealed firearms and § 6106 criminalizes the concealed carrying and transport of firearms without a license.  These laws do not regulate conduct protected by the Second Amendment because the Supreme Court has long held that

"the right of the people to keep and bear arms (article 2) is not infringed by laws prohibiting the carrying of concealed weapons." *Robertson v. Baldwin*, 165 U.S. 275, 281-82 (1897).  In addition, courts have also consistently held that there is "no Second Amendment right for members of the public to transport loaded and non-encased firearms in their vehicles without a concealed carry permit." *Clark v. City of Shawnee, Kansas*, 228 F. Supp. 3d 1210, 1232 (D. Kan. 2017); *see Commonwealth v. McKown,* 79 A.3d 678, 700 (Pa. Super. Ct. 2013) ("We point out that neither the Second Amendment to the United States Constitution, nor the Pennsylvania Constitution, bestows on any person the right to carry a concealed firearm or transport a loaded firearm in a vehicle.").  Accordingly, §§ 6109 and 6106 do not violate the Second Amendment because the core conduct regulated by these statutes falls outside "the scope of the Second Amendment's guarantee." *U.S. v. Marzzarella*, 614 F.3d 85, 89 (3d. Cir. 2010); *see* Doc. 24 at 18-20.  This ends the issue.

Plaintiffs do not address any of the foregoing precedent in their opposition brief.  Instead, Plaintiffs assert that §§ 6109 and 6106 are unconstitutional because, in addition to regulating conduct that is outside the scope of the Second Amendment, the statutes also regulate certain ancillary conduct that is protected by the Second Amendment.  In particular, Plaintiffs assert that §§ 6109 and 6106 preclude the Individual Plaintiffs from:

3

>(1) transporting a loaded or unloaded handgun, rifle, or shotgun to a significant other or friend's home; (2) transporting a loaded or unloaded handgun, rifle, or shotgun from a successful hunt to a business that processes/butchers the successfully taken game; (3) transporting a loaded or unloaded handgun, rifle, or shotgun from a Federal Firearms Licensee (i.e. gun dealer) to another Federal Firearms Licensee; (4) transporting a loaded or unloaded handgun, rifle, or shotgun from a range to another range; and, (5) while transporting a handgun, rifle, or shotgun to or from a range or other permitted location from stopping for bathroom breaks, food, coffee, or to pick up or drop off a friend.

Doc. 25 at 6-7.  There are two fundamental problems with Plaintiffs' assertion.

*__First__*, Plaintiffs' challenge to §§ 6109 and 6106 is not cognizable.  The Third Circuit has held that "we do not recognize an 'overbreadth' doctrine outside the limited context of the First Amendment" and that a plaintiff "cannot raise a successful facial challenge" under the Second Amendment "by simply showing that the statute operates unconstitutionally under some sets of circumstances." *U.S. v. Barton*, 633 F.3d 168, 172 n.3 (3d Cir. 2011), *overruled in part on other grounds*, *Binderup v. Attorney Gen. U.S. of Am.*, 836 F.3d 336 (3d Cir. 2016) (en banc).  Instead, "a statute is facially unconstitutional only if 'no set of circumstances exists under which the [statute] would be valid.'" *Behar v. Pa. Dep't of Transp.*, 791 F. Supp. 2d 383, 390 (M.D. Pa. 2011) (Conner, J.) (quoting *U.S. V. Salerno*, 481 U.S. 739, 745 (1987)) (alterations in original).  Here, there are clearly circumstances under which §§ 6109 and 6106 are valid since, as described

4

above, the core conduct regulated by these statutes is not even protected by the Second Amendment at all. *See Robertson, Clark* and *McKown supra*. Accordingly, the statutes are constitutional and the hypothetical circumstances cited by Plaintiffs are not relevant to Plaintiffs' facial challenge. Put another way, even if §§ 6109 and 6106 – which preclude the carrying of concealed firearms and the transport of loaded firearms in vehicles without a license – also precluded the Individual Plaintiffs from "being able to stop for a bathroom break or pick up a friend on the way to or from a firearm shooting range" (Doc. 25 at 3), and even if this ancillary conduct were itself protected by the Second Amendment, such secondary effects would not render the statutes as a whole unconstitutional. Plaintiffs' facial challenge to §§ 6109 and 6106 fails for this reason alone.

*Second*, Plaintiffs' challenge also fails because Plaintiffs cannot demonstrate that §§ 6109 and 6106 operate unconstitutionally even under these hypothetical circumstances. Plaintiffs do not cite to a single case in which a court has ever held that the Second Amendment includes a right to transport a firearm to or from a friend's home, a commercial establishment like a butcher shop or a restaurant, or between multiple gun dealers or shooting ranges. Indeed, the alleged constitutional exceptions cited by Plaintiffs are so broad that they would effectively swallow the rule by rendering § 6106 unenforceable. Anyone accused of violating the statute by unlawfully transporting a firearm to an unapproved location could avoid

prosecution simply by claiming that he or she was engaged in a permitted activity. Plaintiffs offer no limiting principle that might prevent that possibility or others like it. Instead, they embrace such results and, in this way, call on the Court to stretch the Second Amendment beyond its breaking point. *See* Doc. 1 ¶ 135 ("The right to keep and bear arms includes, but is not limited to, the right of individuals to acquire, keep, carry, and transport loaded and unloaded, operable handguns . . . in their motor vehicles."); Doc. 25 at 3 (same). The Court should decline Plaintiffs' invitation to do so here.

### B. 18 Pa.C.S. § 6107 Regulates Conduct Outside The Scope Of The Second Amendment's Guarantee

As described in Defendant's opening brief, § 6107 limits people without a concealed carry license from carrying weapons on public property and public streets during declared states of emergency when they are not actively engaged in self-defense. The conduct regulated by § 6107 falls outside the scope of the Second Amendment because (i) the Third Circuit has held that there is no broad Second Amendment right to carry weapons in public; (ii) the restrictions in § 6107 only apply to public streets and public property and only then during declared states of emergency; and (iii) the statute "expressly preserve[s] th[e] right" to self-defense. *Lara v. Evanchick*, No. 2:20-CV-1582, 2021 WL 1432802, at *12 (W.D. Pa. Apr. 16, 2021). *See* Doc. 24 at 20-23. Plaintiffs make four arguments in opposition, all of which are meritless.

*First*, Plaintiffs assert that § 6107 imposes a "total ban on individuals" from carrying firearms in public. Doc. 25 at 24. This is false. Section 6107 states expressly that the limitations on public carrying do not apply to any individual who is "[l]icensed to carry firearms under section 6109 (relating to licenses) or is exempt from licensing under section 6106(b) (relating to firearms not to be carried without a license)." 18 Pa.C.S. § 6107(a)(2). Thus, Plaintiffs "obfuscat[e] what [Pennsylvania] is actually doing. It is regulating public carry" under § 6107 "by imposing an objective standard for issuance of a public carry permit" under § 6109, "and its regulation is a longstanding, presumptively constitutional one." *Drake*, 724 F.3d at 433 n.9 (emphasis in original).

*Second*, Plaintiffs assert that § 6107 is not longstanding because it does not date back to the nation's "Founding." Doc. 25 at 25. Plaintiffs are wrong because "a firearms regulation may be 'longstanding' and 'presumptively lawful' even if it was only first enacted in the 20th century." *Drake*, 724 F.3d at 434 n.11. "[A] challenged restriction does not have to date from the time of the framing of the Second Amendment. Rather, when viewed as a whole and in context, a restriction will not implicate the Second Amendment if it is within the type of restriction that has long been accepted by the public." *Lara*, 2021 WL 1432802 at *8. Section 6107 is clearly within this type of restriction since historical analogues "banned the carrying of pistols and similar weapons in public, both in a concealed or an open

7

manner. . . ." *Drake*, 724 F.3d at 433 (internal quotation omitted) (citing Ch. 96, §§ 1–2, 1881 Ark. Acts at 191–92; Ch. 13, § 1, 1870 Term. Acts at 28; Act of Apr. 12, 1871, ch. 34, § 1, 1871 Tex. Gen. Laws at 25; Act of Dec. 2, 1875, ch. 52, § 1, 1876 Wyo. Terr. Comp. Laws, at 352).

*Third*, Plaintiffs assert that *Drake* does not apply because *Drake* concerned the constitutionality of New Jersey's firearm "licensing scheme" and this case does not. Doc. 25 at 23. That is a distinction without a difference. The New Jersey laws upheld by the Third Circuit in *Drake* precluded people from carrying handguns in public "openly or concealed" unless they possessed a license. 724 F.3d at 433 (emphasis in original). Section 6107 does the exact same thing. Moreover, Pennsylvania's laws are less restrictive than the New Jersey laws that were upheld in *Drake* in multiple respects.

- The New Jersey laws limited the issuance of licenses to those who could demonstrate a "justifiable need" to carry a firearm (*Drake*, 724 F.3d at 433), whereas Pennsylvania law does the opposite by requiring that a license be issued to an applicant unless "good cause exists to deny the license." 18 Pa.C.S. § 6109(e).

- The New Jersey laws precluded all manner of the public carrying of handguns at all times without a license, whereas § 6107 only limits the carrying of firearms on public streets and public property and only then during declared states of emergency.

- The New Jersey laws prohibited "any person who has been convicted of any crime from obtaining a license" (N.J.S.A. § 2C:58-3c(1)), whereas Pennsylvania law only prohibits people who have been convicted of crimes that are punishable by more than one year in jail from obtaining a license. *See* 18 Pa.C.S. § 6109(e)(1)(viii).

8

In sum, *Drake* is the law in this Circuit unless or until it is overruled and *Drake* controls here. Plaintiffs "d[o] not have the discretion to disregard [this] controlling precedent simply because [they] disagre[e] with the reasoning behind such precedent." *Vujosevic v. Rafferty*, 844 F.2d 1023, 1030 n.4 (3d Cir. 1988). *See* Doc. 25 at 23 (questioning the "soundness" of *Drake*).[2]

*Fourth*, Plaintiffs assert that the self-defense exception in § 6107 is meaningless because the statute's limitations "utterly vitiate" the exception. Doc. 25 at 29. But Plaintiffs' counsel made this exact same argument in *Lara*. *See Lara*, 2021 WL 1432802 at *12 n.7 ("Plaintiffs recognize that Section 6107 contains a specific exception but argue that it is merely 'empty reassurance' because the general provisions of Sections 6106 and 6107 'utterly vitiate the '[a]ctively engaged' in self[-]defense proviso [of Section 6107].'") (alterations in

---

[2]   The post-*Drake* cases cited by Plaintiffs are completely inapposite. In *Caetano v. Massachusetts*, 577 U.S. 411, 411 (2016) (per curiam), the Court reversed a decision by the Supreme Judicial Court of Massachusetts that "upheld a Massachusetts law prohibiting the possession of stun guns after examining whether a stun gun is the type of weapon contemplated by Congress in 1789 as being protected by the Second Amendment." (internal quotation omitted).  Here, Plaintiffs are not challenging any laws that restrict the types of weapons they may possess. In *Drummond v. Robinson Twp.*, 2021 WL 3627106, at *1 (3d Cir. Aug. 17, 2021), the Court considered "[w]hether restrictions on where citizens can purchase or practice with firearms implicate the right to bear arms, and, more specifically, whether the two challenged zoning rules interfere with that right." Here, Plaintiffs are not challenging any laws that restrict the locations where they may purchase or practice with firearms. Moreover, the issue of public carry was not even before the Courts, let alone decided, by either case.

original) (emphasis added). The Western District rebuked that argument, holding that "the Court will take the language of Section 6107 as written and accept that the restrictions imposed on Plaintiffs by the Pennsylvania Uniform Firearms Act of 1995 include an exception permitting them to use guns in self-defense." *Id*. That reasoning is persuasive and applies with equal weight here.

To sum up, the conduct regulated by § 6107 falls outside the scope of the protections afforded by the Second Amendment and Plaintiffs' arguments to the contrary are meritless in all respects.

### C. 18 Pa.C.S. § 6108 Regulates Conduct Outside The Scope Of The Second Amendment's Guarantee

Lastly, Plaintiffs challenge § 6108, which prohibits the carrying of weapons on the public property and public streets of Philadelphia by people without a concealed carry license. Plaintiffs' challenge fails because, as described above, there is no broad Second Amendment right to carry weapons on public property or public streets by people without a license. *See Drake supra*. In addition, Philadelphia is "the most populated city in the Commonwealth with a correspondingly high crime rate" and "it is no secret that the level of gun violence in Philadelphia is staggeringly disproportionate to any other area of Pennsylvania." *Commonwealth v. Scarborough*, 89 A.3d 679, 686 (Pa. Super. Ct. 2014). As a result, the public streets and public property of Philadelphia are "sensitive places" and the restrictions on unlicensed public carrying in § 6108 are "presumptively

lawful" for this separate reason as well.  *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008).  Plaintiffs contend that the Second Amendment "is a doomsday provision designed to enable ordinary citizens to protect themselves and their families when all else fails."  Doc. 25 at n.21 (internal quotation omitted).  Plaintiffs have it backward.  Eliminating § 6108 would create a doomsday scenario by transforming the modern day public streets of Pennsylvania's most populous city into those of the Old West.

## II. PENNSYLVANIA'S FIREARM LAWS SERVE A SUBSTANTIAL AND IMPORTANT INTEREST AND FIT REASONABLY WITH THAT INTEREST

Plaintiffs' Second Amendment claim also fails under the second step of the *Marzzarella* test because the Commonwealth of Pennsylvania "has, undoubtedly, a significant, substantial and important interest in protecting its citizens' safety" and there is a "reasonable fit" between that interest and the challenged laws.  *Drake*, 724 F.3d at 437; *see* Doc. 24 at 24-26.  Plaintiffs make four flawed arguments in opposition.

*First*, Plaintiffs contend that "Defendant's regulations fail" under "the Supreme Court's secondary-effects doctrine."  Doc. 25 at 31.  Plaintiffs are wrong.  "The secondary effects doctrine requires a court to conclude that a statute is content neutral, even when on its face it draws a distinction based on content, if the court determines that the statute targets the adverse secondary effects of protected

speech and not the speech itself." *Free Speech Coal., Inc. v. Attorney Gen. U.S. of Am.*, 825 F.3d 149, 160 (3d Cir. 2016).  In other words, it is a permissive doctrine that allows state and local governments to adopt statutes that restrict speech based on content when, for example, the purpose of the restrictions are "to reduce crime" and "not to suppress speech." *Id.*  To the extent the doctrine is even applicable outside the context of the First Amendment its application to the facts of this case supports a finding that the challenged Pennsylvania statutes are constitutional since their purpose is to protect public safety and not to curtail Second Amendment freedoms.  *See Drake supra*; *cf Billups v. City of Charleston*, 961 F.3d 673, 685 (4th Cir. 2020) ("[W]e do not typically require governmental entities to present evidence demonstrating the existence of a significant interest.  Indeed, we have found common sense and the holdings of prior cases sufficient to establish the existence of such an interest.") (internal quotation omitted).

*Second*, Plaintiffs contend that the challenged statutes were improperly "enacted and implemented without consideration of alternatives" as required under the standard applied in certain First Amendment cases.  Doc. 25 at 34.  But the Third Circuit has cautioned courts considering Second Amendment claims about "applying the intermediate scrutiny test used in First Amendment cases" and Plaintiffs cite to no case in this Circuit in which the "consideration of alternatives" test has ever been applied in a Second Amendment case.  *Holloway v. Attorney*

*General U.S. of Am.*, 948 F.3d 164, 177 n.16 (3d Cir. 2020). Moreover, even if the First Amendment test cited by Plaintiffs were the governing test in this case, an alternative would have been for the General Assembly to preclude the carrying of firearms on public property and public streets altogether. The Commonwealth of Pennsylvania should not be penalized for rejecting this alternative and adopting a more flexible, permissive approach, which allows for public carry at all times by people with a concealed carry license and also during non-emergent times by people without a license.

*Third*, Plaintiffs contend that there is not "a close fit" between § 6106 and the Commonwealth of Pennsylvania's objective of promoting public safety. Doc. 25 at 34 (citing *Billups*). But Plaintiffs apply the wrong standard. The Third Circuit requires that the "fit between the challenged regulation and the asserted objective be reasonable, not perfect." *Marzzarella*, 614 F.3d at 98. That standard is clearly satisfied here since § 6106 neither bans the transport of firearms nor allows unrestricted transport by all firearm owners; instead, the Pennsylvania General Assembly left room for public transport to anyone with a concealed carry license and also to people without a license who are traveling to and from approved locations. *See Drake*, 724 F.3d at 440.

*Fourth*, Plaintiffs contend that the challenged Pennsylvania laws undermine public safety by reducing the number of armed civilians on public streets and

13

public property who may stop crimes by using firearms. *See* Doc. 25 at 36. Of course, reasonable minds may differ about whether more people carrying more firearms in public will lead to less crime. It is also plausible that "the ready accessibility of guns contributes significantly to the number of unpremeditated homicides and to the seriousness of many assaults" on public streets without causing any measurable reduction in crime. *Drake*, 724 F.3d at 438 (quoting *Siccardi v. State*, 284 A.2d 533, 538 (N.J. 1971)) (internal quotation marks omitted). The outcome of this debate is a policy judgment that is reserved exclusively to the Pennsylvania General Assembly and not to Plaintiffs. The Court should refuse Plaintiffs' "invitation to intrude upon the sound judgment and discretion" of the Commonwealth of Pennsylvania in this case and conclude that the challenged laws "withstan[d] intermediate scrutiny." *Id*. at 440.

## CONCLUSION

For the foregoing reasons, and for the reasons described in Defendant's opening brief, Defendant's motion should be granted and the Complaint should be dismissed.

                                                      **Respectfully submitted,**

                                                      **JOSH SHAPIRO**
                                                      **Attorney General**

                                        **By:**  *s/ Alexander T. Korn*
                                                      **ALEXANDER T. KORN**

**Office of Attorney General**          **Deputy Attorney General**
**15th Floor, Strawberry Square**   **Attorney ID 323957**
**Harrisburg, PA 17120**
**Phone: (717) 712-2037**              **KAREN M. ROMANO**
                                                 **Chief Deputy Attorney General**
**akorn@attorneygeneral.gov**          **Civil Litigation Section**

**Date:  September 2, 2021**            **Counsel for Defendant**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIO SUAREZ, DANIEL BINDERUP, DANIEL MILLER, FIREARMS POLICY COALITION, INC. *and* SECOND AMENDMENT FOUNDATION, | : : : : : : |
| Plaintiffs | : |
| v. | : : |
| ROBERT EVANCHICK, | : |
| Defendant | : |

No. 1:21-CV-0710

Judge Conner

**Electronically Filed Document**
*Complaint Filed 04/16/21*

## CERTIFICATE OF CERVICE

I, Alexander T. Korn, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on September 2, 2021, I caused to be served a true and correct copy of the foregoing document titled Defendant's Reply Brief in Further Support of his Motion to Dismiss to the following:

## VIA ELECTRONIC FILING

**Adam J. Kraut, Esquire**
**Firearms Policy Coalition**
**1215 K Street, 17th Floor**
**Sacramento, CA  95814**
**akraut@fpclaw.org**
*Counsel for Plaintiffs*

**Joshua G. Prince, Esquire**
**Prince Law Office PC**
**646 Lenape Road**
**Bectelsville, PA  19505**
**joshua@princelaw.com**
*Counsel for Plaintiffs*

   *s/ Alexander T. Korn*
**ALEXANDER T. KORN**
Deputy Attorney General