## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULIO SUAREZ, DANIEL** | : | |
| **BINDERUP, DANIEL MILLER,** | : | |
| **FIREARMS POLICY COALITION,** | : | |
| **INC.** *and* **SECOND AMENDMENT** | : | **No. 1:21-CV-0710** |
| **FOUNDATION,** | : | |
| **Plaintiffs** | : | **Judge Conner** |
| | : | |
| **v.** | : | **Electronically Filed Document** |
| | : | *Complaint Filed 04/16/21* |
| **ROBERT EVANCHICK,** | : | |
| **Defendant** | : | |

### BRIEF IN SUPPORT OF DEFENDANT'S
### MOTION TO DISMISS THE COMPLAINT OR, IN THE
### ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Respectfully submitted,

**JOSH SHAPIRO**
**Attorney General**

By:  *s/ Alexander T. Korn*
　　　**ALEXANDER T. KORN**
**Office of Attorney General**　**Deputy Attorney General**
**15th Floor, Strawberry Square**　**Attorney ID 323957**
**Harrisburg, PA 17120**
**Phone: (717) 712-2037**　**KAREN M. ROMANO**
　　　**Chief Deputy Attorney General**
**akorn@attorneygeneral.gov**　**Civil Litigation Section**

**Date:  September 13, 2022**　**Counsel for Defendant**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................. iii

INTRODUCTION ............................................................................1

PROCEDURAL HISTORY ...................................................................3

STATEMENT OF FACTS ...................................................................3

   A.  The Pennsylvania Laws Challenged By Plaintiffs ...........................................3

   B.  The Individual Plaintiffs...........................................................8

   C.  Plaintiffs Overstate The Reach Of Pennsylvania's Firearm Laws.................9

STATEMENT OF QUESTIONS INVOLVED.....................................................12

ARGUMENT ...............................................................................13

I.    PLAINTIFFS FAIL TO STATE A CLAIM THAT THE CHALLENGED PENNSYLVANIA STATUTES VIOLATE THE SECOND AMENDMENT 14

   A.   The Supreme Court Explicitly Endorsed The Constitutionality Of Pennsylvania's Firearm Licensing Regime In *Bruen* .........................15

   B.   The Pennsylvania Laws That Plaintiffs Purport To Challenge Are Presumptively Lawful Felon Dispossession Statutes That Fall Outside The Scope Of The Second Amendment Under Controlling Supreme Court And Third Circuit Precedent.....................................................17

   C.   Section 6106 Regulates Conduct That Falls Outside The Scope Of The Second Amendment In Other Respects As Well.........................20

II.   THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS WITH RESPECT TO §§ 6107 AND 6108...........22

   A.   Plaintiffs' Claims With Respect To § 6107 Are Moot.......................23

    B.      Plaintiffs Lack Standing To Challenge § 6108 ...................................25

III.   IN THE ALTERNATIVE DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON ALL OF PLAINTIFFS' CLAIMS ...................................27

CONCLUSION ........................................................................................................29

# TABLE OF AUTHORITIES

Page(s)

## <u>Cases</u>

*Am. Bird Conservancy v. Kempthorne*,
   559 F.3d 184 (3d Cir. 2009) ......................................................... 23, 24

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................... 13

*Behar v. Pa. Dep't of Transp.*,
   791 F. Supp. 2d 383 (M.D. Pa. 2011) ......................................... 20

*Binderup v. Attorney Gen. U.S. of,*
   *Am.*, 836 F.3d 336 (3d Cir. 2016) ........................................... 2, 11, 17

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ..................................................................... 28

*Clark v. City of Shawnee, Kansas*,
   228 F. Supp. 3d 1210 (D. Kan. 2017) ......................................... 22

*Clark v. Modern Grp. Ltd.*,
   9 F.3d 321 (3d Cir. 1993) ............................................................ 28

*Cnty. of Butler v. Governor of Pa.*,
   8 F.4th 226 (3d Cir. 2021) .......................................................... 6, 7

*Commonwealth v. McKown*,
   79 A.3d 678 (Pa. Super. Ct. 2013) .............................................. 22

*Commonwealth v. Scarborough*,
   89 A.3d 679 (Pa. Super. Ct. 2014) .............................................. 11

*District of Columbia v. Heller*,
   554 U.S. 570 (2008) ........................................................ 2, 14, 18, 21

*Drake v. Filko*,
    724 F.3d 426 (3d Cir. 2013) ..................................................................16

*EBC, Inc. v. Clark Bldg. Sys., Inc.*,
    618 F.3d 253 (3d Cir. 2010) ..................................................................28

*Firearm Owners Against Crime v. City of Harrisburg*,
    2016 WL 1162283 (M.D. Pa. Mar. 24, 2016) ............................... 26, 27

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009) ..................................................................13

*Hart v. Whalen*,
    2009 WL 5173487 n.1 (M.D. Pa. Dec. 22, 2009) ................................25

*In re Surrick*,
    338 F.3d 224 (3d Cir. 2003) ..................................................................24

*Lara v. Evanchick*,
    534 F. Supp. 3d 478 (W.D. Pa. 2021) ...................................... 10, 11, 19

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ..............................................................................26

*McDonald v. City of Chicago, Ill.*,
    561 U.S. 742 (2010) ..............................................................................14

*New York State Rifle & Pistol Association v. Bruen*,
    142 S. Ct. 2111 (2022)..................................... 1, 2, 12, 14, 15, 16, 17, 20, 21, 22

*O'Shea v. Littleton*,
    414 U.S. 488 (1974) ..............................................................................24

*Peterson v. Martinez*,
    707 F.3d 1197 (10th Cir. 2013) ............................................................21

*Raines v. Byrd*,
    521 U.S. 811 (1997) ..............................................................................25

*Robertson v. Baldwin*,
   165 U.S. 275 (1897) ...................................................................................21

*Sherwin-Williams Co. v. County of Delaware*,
   968 F.3d 264 (3d Cir. 2020) ......................................................................26

*Susan B. Anthony List v. Driehaus*,
   573 U.S. 149 (2014) ...................................................................................26

*TransUnion LLC v. Ramirez*,
   141 S. Ct. 2190 (2021) ..........................................................................25, 26

*United States v. Barton*,
   633 F.3d 168 (3d Cir. 2011) ...................................................... 2, 5, 18, 19

*United States v. Huff*,
   703 F.3d 609 (3d Cir. 2013) ......................................................................23

*United States v. Masciandro*,
   638 F.3d 458 (4th Cir. 2011) .....................................................................22

*United States v. Salerno*,
   481 U.S. 739 (1987) ..............................................................................20, 21

*United Steel Paper and Forrest Rubber Mfg. Allied Indus. v. Virgin Islands*,
   842 F.3d 201 (3d Cir. 2016) ......................................................................23

## Statutes

18 Pa. C.S. § 6107(a)(1)–(2) .........................................................................11

18 Pa.C.S. § 6102 .............................................................................................4

18 Pa.C.S. § 6106 ................................................................................... passim

18 Pa.C.S. § 6107 ................................................................................... passim

18 Pa.C.S. § 6108 ................................................................................... passim

18 Pa.C.S. § 6109 ................................................................................... passim

18 Pa.C.S. § 6123 ....................................................................................................9

18 U.S.C. § 922(g)(1) ...................................................................................... 2, 18, 19

34 Pa.C.S. § 2503 .................................................................................................10

PA CONST Art. IV, § 20 .....................................................................................6, 24

U.S. Const. amend. II ...........................................................................................14

U.S. Const. art. III, § 2 .........................................................................................23

## **Rules**

Fed. R. Civ. P. 12(b)(1) ........................................................................................13

Fed. R. Civ. P. 12(b)(6) ........................................................................................13

Fed. R. Civ. P. 56(a) ....................................................................................... 13, 27

Defendant Colonel Robert Evanchick, in his official capacity as Commissioner of the Pennsylvania State Police ("PSP"), hereby submits this brief in support of his motion to dismiss the Complaint or, in the alternative, his motion for summary judgment.

## INTRODUCTION

Plaintiffs seek to dismantle Pennsylvania's gun control regime by invalidating multiple key provisions of the Pennsylvania Uniform Firearms Act of 1995. In particular, Plaintiffs challenge 18 Pa.C.S. § 6109(e)(i)(viii), which prohibits people who have been convicted of felony criminal offenses from obtaining a license to carry concealed firearms. Plaintiffs also challenge § 6106, which limits concealed carry and transport by people without a license; § 6107, which limits the unlicensed carrying of guns on public property and public streets during declared states of emergency by people who are not actively engaged in self-defense; and § 6108, which limits unlicensed carrying on the public property and public streets of Philadelphia. Plaintiffs' Second Amendment claims fail for the following reasons.

***First***, the United States Supreme Court recently affirmed the constitutionality of Pennsylvania's firearm licensing regime in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022).

1

***Second***, Plaintiffs' facial challenge fails because all of the Pennsylvania laws challenged by Plaintiffs are "presumptively lawful" felon gun dispossession statutes that fall outside the scope of the Second Amendment under controlling Supreme Court and Third Circuit precedent. *District of Columbia v. Heller*, 554 U.S. 570, 627 n.26 (2008); *United States v. Barton*, 633 F.3d 168, 172 (3d Cir. 2011) *overruled in part on other grounds, Binderup v. Attorney Gen. U.S. of Am*., 836 F.3d 336 (3d Cir. 2016) (en banc), *overruled in part on other grounds, Bruen*, 142 S. C.t 2111 (rejecting a facial challenge to 18 U.S.C. § 922(g)(1), which prohibits anyone convicted of a felony from possessing a firearm).

***Third***, Plaintiffs' facial and as applied challenge to § 6106 fails because the conduct regulated by § 6106 falls outside the scope of the Second Amendment in other respects as well.

***Fourth***, the Court lacks subject matter jurisdiction over Plaintiffs' facial and as applied challenges to §§ 6107 and 6108. Plaintiffs' challenge to § 6107 is moot because § 6107 only applies during declared states of emergency and all of the emergency declarations alleged in the Complaint have lapsed and cannot be re-instituted. In addition, Plaintiffs lack standing to challenge § 6108 because Plaintiffs do not allege that they have suffered an injury-in-fact under the statute.

For these reasons, as described more fully below, the Court should grant Defendant's motion and dismiss the Complaint.   In the alternative, the Court should grant summary judgment to Defendant on all of Plaintiffs' claims.

## PROCEDURAL HISTORY

Plaintiffs filed the Complaint in this action on April 16, 2021.  *See* Doc. 1. Defendant filed a motion to dismiss the Complaint on June 17, 2021.  *See* Doc. 13. On January 26, 2022, the Court entered an Order staying the case "pending a decision by the U.S. Supreme Court in *New York State Rifle & Pistol Association, Inc., et al v. Bruen*, et al., Docket No. 20-843."  Doc. 31 ¶ 2.  The Court also denied Defendant's motion to dismiss "without prejudice to Defendant's right to refile same following the U.S. Supreme Court's decision in [*Bruen*], together with updated briefing if the Parties determine it is necessary."  *Id*. at ¶ 4.  On June 24, 2022 the Court lifted the stay.  *See* Doc. 33.  On July 26, 2022 the Court entered an Order providing that:  "On or by September 13, 2022, Defendant shall submit his Motion to Dismiss or, in the alternative, Motion for Summary Judgment, brief in support, and concise statement of material facts."  Doc. 35 ¶ 2.

## STATEMENT OF FACTS

### A.    The Pennsylvania Laws Challenged By Plaintiffs

Plaintiffs allege that 18 Pa.C.S. §§ 6106, 6107, 6108 and 6109 violate their rights under the Second Amendment.   These laws are part of Pennsylvania's

3

Uniform Firearms Act and regulate the carrying of firearms in public and in motor vehicles.

       1.    <u>18 Pa.C.S. § 6106</u>

Section 6106(a) makes it a crime to carry a concealed firearm outside of one's home or business or in one's vehicle without a license:

> (1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

> (2) A person who is otherwise eligible to possess a valid license under this chapter but carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license and has not committed any other criminal violation commits a misdemeanor of the first degree.

18 Pa.C.S. § 6106(a).

However, the limitations on concealed carrying and transport in § 6106 only apply to "firearms," which are defined as follows:

> Any pistol or revolver with a barrel length less than 15 inches, any shotgun with a barrel length less than 18 inches or any rifle with a barrel length less than 16 inches, or any pistol, revolver, rifle or shotgun with an overall length of less than 26 inches.

18 Pa.C.S. § 6102.

4

In addition, § 6106(b) excepts a broad range of persons and activities from the licensure requirement in subsection (a), including the following:

> (4) Any persons engaged in target shooting with a firearm, if such persons are at or are going to or from their places of assembly or target practice and if, while going to or from their places of assembly or target practice, the firearm is not loaded. . .

> (8) Any person while carrying a firearm which is not loaded and is in a secure wrapper from the place of purchase to his home or place of business, or to a place of repair, sale or appraisal or back to his home or place of business, or in moving from one place of abode or business to another or from his home to a vacation or recreational home or dwelling or back . . .

> (9) Persons licensed to hunt, take furbearers or fish in this Commonwealth, if such persons are actually hunting, taking furbearers or fishing as permitted by such license, or are going to the places where they desire to hunt, take furbearers or fish or returning from such places. . .

18 Pa.C.S. § 6106(b).

### 2.    18 Pa.C.S. § 6107

Section 6107(a) limits the carrying of firearms on public streets and public property during declared states of emergency. *See* 18 Pa.C.S. § 6107(a). However, the limitations in § 6107(a) do not apply to people "(1) Actively engaged in a defense of [their] life or property from peril or threat" or "(2) Licensed to carry firearms under section 6109 (relating to licenses)" or "exempt from licensing under section 6106(b) (relating to firearms not to be carried without a license)." *Id*. The

word "firearm" in the context of § 6107 "includes any weapon that is designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any weapon."  18 Pa.C.S. § 6107(c).

At the time the Complaint was filed Pennsylvania had been under a state of emergency since 2018 due to the ongoing opioid epidemic.  *See* Doc. 1 ¶ 28. Pennsylvania had also "been under an additional state of emergency, proclaimed by Governor Wolf, related to COVID-19 since March 6, 2020."  *Id*. at ¶ 29. However, much has changed since that time.  Pennsylvania has now amended its Constitution to limit the Governor's authority to issue an emergency declaration to 21 days, unless the General Assembly votes to extend it.  *See* PA CONST Art. IV, § 20.  As of this filing, both the Opioid and COVID-19 emergency proclamations have lapsed and cannot be re-instituted.[1]  Thus, the Commonwealth is not currently under a declared state of emergency and the public carry restrictions in § 6107 are not in effect.[2]

---

[1]    *See* Gov. Tom Wolf, Press Release, "Opioid Disaster Declaration to End Aug. 25," (Aug. 25, 2021)  https://www.governor.pa.gov/newsroom/opioid-disaster-declaration-to-end-aug-25/; *Cnty. of Butler v. Governor of Pa*., 8 F.4th 226, 229 (3d Cir. 2021) (acknowledging the expiration of Pennsylvania's COVID-19 emergency proclamation).

[2]    *See* https://www.pema.pa.gov/Governor-Proclamations/Pages/default.aspx.

### 3.   18 Pa.C.S. § 6108

Section 6108 is titled "Carrying firearms on public streets or public property in Philadelphia" and provides:

> No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:
> (1)  such person is licensed to carry a firearm; or
> (2)  such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

18 Pa.C.S. § 6108.  "The City of Philadelphia is the only 'city of the first class[.]'" Doc. 1 ¶ 33.

### 4.   18 Pa.C.S. § 6109

Section 6109 states that "[a] license to carry a firearm shall be for the purpose of carrying a firearm concealed on or about one's person or in a vehicle throughout this Commonwealth" and sets forth the process and standard for obtaining a license. 18 Pa.C.S. § 6109(a).  Most Pennsylvania residents who desire a license "shall make application with the sheriff of the county in which [t]he[y] resid[e]. . . ."  18 Pa.C.S. § 6109(b).[3]  Section 6109(e) lists several disabilities that disqualify individuals from obtaining a concealed carry license.  In this case the relevant restriction is contained is § 6109(e)(1)(viii), which provides:

---

[3]   Residents of Philadelphia must apply with the city's chief of police.  *See id.*

> A license shall not be issued to . . . [a]n individual who is
> charged with or has been convicted of a crime punishable
> by imprisonment for a term exceeding one year except as
> provided for in section 6123 (relating to waiver of
> disability or pardons).

18 Pa.C.S. § 6109(e)(1)(viii).  After receiving an application the sheriff must

conduct a background investigation into the applicant to determine whether any of

the disabilities in § 6109(e) apply.  *See* 18 Pa.C.S. § 6109(d).  The sheriff must

issue a license if, after completing the investigation, "it appears that the applicant is

an individual concerning whom no good cause exists to deny the license."  18

Pa.C.S. § 6109(e).

## B.     The Individual Plaintiffs

The Individual Plaintiffs are Pennsylvania residents that have each been

previously convicted of a criminal offense punishable by a term of imprisonment

of more than one year:

- Julio Suarez was convicted in Maryland of carrying a handgun
  without a license, which offense was punishable by up to three years
  imprisonment (*see* Doc. 1 ¶¶ 38-39);

- Daniel R. Binderup was convicted of having unlawful sexual contact
  with a minor, which offense was punishable by up to five years
  imprisonment (*see id*. at ¶¶ 55-56);

- Daniel F. Miller was convicted of making unsworn falsification to
  authorities and using an altered window tint exemption certificate, the

8

latter of which was an offense punishable by up to five years imprisonment.  *See id.* at ¶¶ 71-73.[4]

As a result, the Individual Plaintiffs are disqualified from obtaining a concealed carry license under § 6109(e)(1)(viii).  The Individual Plaintiffs "meet all the requirements for the issuance of a [concealed carry license] except that of § 6109(e)(1)(viii). . . ."  Doc. 1 ¶ 138.

The Individual Plaintiffs can restore their eligibility to obtain a license under § 6123 if they obtain a pardon from the Governor of the state in which they were convicted or otherwise have their convictions overturned.  *See* 18 Pa.C.S. § 6123. The Individual Plaintiffs do not allege that they have made any efforts to obtain such relief before bringing this lawsuit.  In addition, while Plaintiffs purport to challenge § 6108, which restricts the unlicensed carrying of firearms on the public property and public streets of Philadelphia, Plaintiffs do not allege that any of the Individual Plaintiffs reside in Philadelphia, work in Philadelphia, spend substantial time in Philadelphia or face any security threats in Philadelphia.

### C.    Plaintiffs Overstate The Reach Of Pennsylvania's Firearm Laws

As described above, Plaintiffs assert that §§ 6106-6109 deprive people of rights secured by the Second Amendment.  However, an examination of the

---

[4]     Suarez, Binderup and Miller are collectively referred to herein as the "Individual Plaintiffs."

challenged provisions shows that the prohibitions effectuated are not as broad as have been characterized by Plaintiffs.

*First*, the licensure requirement and restrictions in § 6106 only apply to "firearms," which are defined as short-barreled weapons such as handguns. In addition, § 6106 only prohibits the concealed carrying of firearms without a license and the transportation of firearms in motor vehicles when drivers are engaged in unauthorized activities. Thus, this statute does not prohibit people from carrying guns other than firearms concealed on their persons while outside of their homes or in their vehicles. Nor does the statute limit the open carrying of firearms or any other weapons in public or in vehicles when drivers are engaged in an activity authorized in § 6106(b).[5]

*Second*, § 6107 only limits the open carrying of firearms without a license during declared states of emergency. In addition, these "limitations are location-specific and apply only to public streets and property." *Lara v. Evanchick*, 534 F. Supp. 3d 478, 491 (W.D. Pa. 2021).

> Further, the plain language of Section 6107 carves out two classes of exceptions from its limitation on open-carry for: (1) "[those] actively engaged in a defense of

---

[5]   Certain exceptions to § 6106's licensure requirement must be read in conjunction with other statute or require additional permits. *See* 18 Pa.C.S. § 6106(c) (requiring a Sportsman's firearm permit under certain circumstances); 34 Pa.C.S. § 2503 (prohibiting carrying a loaded firearm in a vehicle except under certain circumstances).

> that person's life or property from peril or threat; and (2)
> all of those exceptions in Section 6106(b) (permitting
> concealed carry without a license)."

*Id*. (quoting 18 Pa. C.S. § 6107(a)(1)–(2)) (alterations in original).

*Third*, the limitations in § 6108 are also location-specific and apply only to the public property and public streets in Philadelphia.  The legislative purpose of this provision is twofold:

> First, as the most populated city in the Commonwealth
> with a correspondingly high crime rate, the possession of
> a weapon on a city street, particularly the brandishing of
> a weapon, can invoke a fearful reaction on behalf of the
> citizenry and the possibility of a dangerous response by
> law enforcement officers.  Second, a coordinate purpose
> is to aid in the efforts of law enforcement in the
> protection of the public; in Philadelphia, the police are
> empowered to arrest an individual for overtly carrying a
> firearm without first determining if it is licensed or
> operable.

*Commonwealth v. Scarborough*, 89 A.3d 679, 686-87 (Pa. Super. Ct. 2014).  The limitations in § 6108 do not apply to people with a concealed carry license or those who are exempt from licensing under § 6106(b).

*Fourth*, the licensing disabilities in § 6109(e)(1)(viii) only apply to "felons," which the law defines as "people who have been convicted of any crime that is punishable by death or imprisonment for more than one year."  *Binderup v. Attorney Gen. U.S. of Am*., 836 F.3d 336, 347 (3d Cir. 2016) (en banc) (internal quotation omitted).  They do not apply to people convicted of lesser offenses.  In

11

addition, the language of the statute exempts people who obtain a pardon from the Governor or otherwise have their convictions overturned. Thus, the restrictions do not apply to the millions of first time offenders that are eligible for and successfully complete Accelerated Rehabilitative Disposition or other diversion programs.

## STATEMENT OF QUESTIONS INVOLVED

I.   Should Plaintiffs' Second Amendment claims be dismissed on the merits when (i) the constitutionality of Pennsylvania's firearm licensing scheme was endorsed in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022); (ii) the challenged Pennsylvania statutes are presumptively lawful felon dispossession statutes; and (iii) the conduct regulated by § 6106 falls outside the scope of the Second Amendment in other respects as well?

Suggested answer: yes.

II.  Should Plaintiffs' Second Amendment claims with respect to §§ 6107 and 6108 be dismissed for lack of subject matter jurisdiction when (i) Plaintiffs' challenge to § 6107 is moot and (ii) Plaintiffs lack standing to challenge § 6108?

Suggested answer: yes.

III. In the alternative, should the Court grant summary judgment to Defendant on all of Plaintiffs' claims when there is there is no genuine dispute as to any material fact and Defendant is entitled to judgment as a matter of law?

Suggested answer: yes.

## ARGUMENT

The Complaint should be dismissed for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  "The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  "[A] District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Here, Plaintiffs fail to satisfy this pleading standard and their claims should be dismissed for this reason alone.

In addition, the Court lacks subject matter jurisdiction because Plaintiffs' claims with respect to § 6107 are moot and Plaintiffs do not have standing to challenge § 6108.  *See* Fed. R. Civ. P. 12(b)(1).  Plaintiffs' claims with respect to these statutes should be dismissed for this separate reason as well.

In the alternative, the Court should grant summary judgment to Defendant on all of Plaintiffs' claims because there is no genuine dispute as to any material fact and Defendant is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).

# I.   PLAINTIFFS FAIL TO STATE A CLAIM THAT THE CHALLENGED PENNSYLVANIA STATUTES VIOLATE THE SECOND AMENDMENT

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. II.  "Like most rights, the right secured by the Second Amendment is not unlimited."  *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008).  "Properly interpreted, the Second Amendment allows a variety of gun regulations."  *New York State Rifle & Pistol Assoc. v. Bruen*, 142 S. Ct. 2111, 2162 (2022) (Kavanaugh, J., concurring).  For instance, "longstanding prohibitions on the possession of firearms by felons and the mentally ill," "laws forbidding the carrying of firearms in sensitive places such as schools and government buildings," and "laws imposing conditions and qualifications on the commercial sale of arms" are examples of "presumptively lawful regulatory measures" that are in no way "exhaustive."  *Heller*, 554 U.S. at 626-27 & n.26; *see McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 786 (2010) (same).

With the foregoing in mind:

> [T]he standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm

14

> regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Bruen*, 142 S.Ct. at 2129-30.

Plaintiffs' claims fail to satisfy this standard for the following reasons.

*First*, the Supreme Court explicitly endorsed the constitutionality of Pennsylvania's firearm licensing regime in *Bruen*.

*Second*, Plaintiffs' facial challenge fails because the challenged Pennsylvania laws are presumptively lawful felon dispossession statutes that fall outside the scope of the Second Amendment under controlling Supreme Court and Third Circuit precedent.

*Third*, Plaintiffs' facial and as-applied challenge to § 6106 fails because the conduct regulated by the statute falls outside the scope of the Second Amendment in other respects as well.

## A.   The Supreme Court Explicitly Endorsed The Constitutionality Of Pennsylvania's Firearm Licensing Regime In *Bruen*

To the extent Plaintiffs' are asserting a facial challenge to the firearm licensing regime set forth in § 6109, Plaintiffs' claims fail because the Supreme Court explicitly endorsed the constitutionality of Pennsylvania's regime in *Bruen*. *Bruen* struck down New York's "may issue" handgun licensing regime, which gave government officials an extraordinary amount of discretion to deny licenses to carry a handgun in any manner. *See* 142 S.Ct. at 2123-147; *see also id*. at 2159

15

(Alito, J., concurring) ("All that we decide in this case is that the Second Amendment protects the right of law-abiding people to carry a gun outside the home and that [New York's] Law, which makes that virtually impossible for most New Yorkers, is unconstitutional."); *id.* at 2161-62 (Kavanaugh, J., concurring) (describing New York's licensing regime as an "outlier").

The Court contrasted "may issue" regimes employed by 7 jurisdictions with the "shall issue" statutes employed in 43 jurisdictions (including Pennsylvania). *See* 18 Pa.C.S. § 6109(e) (providing that a license to carry a concealed firearm "shall be issued" to an applicant unless "good cause exists to deny the license"). The Court endorsed "shall issue" statutes and emphasized that "nothing in our analysis should be interpreted to suggest the unconstitutionality of the 43 States' 'shall-issue' licensing regimes, under which 'a general desire for self-defense is sufficient to obtain a [permit].'" *Bruen*, 142 S.Ct. at 2138 n.9 (quoting *Drake v. Filko*, 724 F.3d 426, 442 (3d Cir. 2013) (Hardiman, J., dissenting) (alterations in original)); *see id.* at 2161 (Kavanaugh, J., concurring) ("the Court's decision does not affect the existing licensing regimes—known as 'shall-issue' regimes—that are employed in 43 States"). The Court specifically identified Pennsylvania as a jurisdiction with a constitutionally valid "shall issue" licensing statute. *Id.* at 2124 n.1 (citing 18 Pa.C.S. § 6109).

"Going forward, therefore, the 43 States that employ objective shall-issue licensing regimes for carrying handguns for self-defense" – including Pennsylvania – "may continue to do so" without violating the Second Amendment. *Id*. at 2162 (Kavanaugh, J., concurring).

### B.   The Pennsylvania Laws That Plaintiffs Purport To Challenge Are Presumptively Lawful Felon Dispossession Statutes That Fall Outside The Scope Of The Second Amendment Under Controlling Supreme Court And Third Circuit Precedent

Plaintiffs' facial challenge to §§ 6106-6109 also fails because these laws are presumptively lawful felon dispossession statutes that fall outside the scope of the Second Amendment under controlling Supreme Court and Third Circuit precedent. Plaintiffs purport to challenge § 6109(e)(1)(viii), which provides that anyone who "has been convicted of a crime punishable by imprisonment for a term exceeding one year" – *i.e.*, a felony – is disqualified from obtaining a concealed carry license. 18 Pa.C.S. § 6109(e)(1)(viii); *see Binderup*, 836 F.3d at 347 ("felons are people who have been convicted of any crime that is punishable by death or imprisonment for more than one year") (internal quotation omitted).  Plaintiffs also challenge § 6106 (limiting the concealed carry and transport of firearms without a license); § 6107 (limiting public carry during declared states of emergency without a license); and § 6108 (limiting public carry in Philadelphia without a license).  These laws are felon dispossession statutes because the restrictions apply in this case solely

because each of the Individual Plaintiffs has been convicted of engaging in felony criminal conduct.  *See* ¶ 138.

Plaintiffs' challenge fails because the Supreme Court held in *Heller* that these types of "prohibitions on the possession of firearms by felons" are "presumptively lawful regulatory measures. . . ."  554 U.S. at 626-27 n.26.  In *United States v. Barton*, 633 F.3d 168 (3d Cir. 2011), the Third Circuit considered a facial challenge to 18 U.S.C. § 922(g)(1), which prohibits any person convicted of a felony from possessing a firearm.[6]  *Barton* analyzed "the Supreme Court's discussion in *Heller* of the categorical exceptions to the Second Amendment" and concluded that the language concerning felon dispossession statutes "was not abstract and hypothetical; it was outcome-determinative.  As such, we are bound by it."  633 F.3d at 172 (emphasis added).  *Barton* held that "because *Heller* requires that we 'presume,' under most circumstances, that felon dispossession statutes regulate conduct which is unprotected by the Second Amendment, Barton's facial challenge must fail."  *Id*.  The same result should attain here.

---

[6]    18 U.S.C. § 922(g)(1) states:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

As described above, the Pennsylvania laws challenged by Plaintiffs are felon dispossession statutes that are much narrower in scope than the federal law that was upheld in *Barton*. Section 922(g)(1) prohibits anyone convicted of a felony from even possessing a firearm at all, whether in the home or in public. Under Pennsylvania law, however, the Individual Plaintiffs may lawfully possess as many legal firearms as they desire and may openly carry such firearms virtually anywhere in the Commonwealth. Section 6106 only prevents people without a license from carrying concealed firearms in public and in motor vehicles. Similarly, § 6107 only restricts the unlicensed carrying of firearms on public property and public streets during declared states of emergency by people who are not actively engaged in self-defense. *See Lara v. Evanchick*, 534 F. Supp. 3d 478, 491 (W.D. Pa. 2021) (rejecting a challenge to § 6107 because "the limitations only apply to public streets and public property" and "Plaintiffs are permitted to keep and bear arms for a wide array of purposes, including the defense of their persons and property, hunting, target shooting and a variety of occupation-based purposes"). And section § 6108 only restricts the unlicensed carrying on the public property and public streets of Philadelphia.

Because the Third Circuit held in *Barton* that § 922(g)(1) was facially constitutional, it necessarily follows that the far narrower Pennsylvania laws challenged by Plaintiffs are also facially constitutional. *See Barton*, 633 F.3d at

172 ("A lawful prohibition regulates conduct falling outside the scope of the Second Amendment's guarantee.") (internal quotation and alterations omitted). Moreover, the Supreme Court recently affirmed these precedents in *Bruen*. *See* 142 S. Ct. at 2157 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun . . . Nor have we disturbed anything that we said in *Heller* . . . about restrictions that may be imposed on the possession or carrying of guns.").

For these reasons, Plaintiffs' facial challenge to §§ 6106-6108 fails and must be dismissed. *See Behar v. Pa. Dep't of Transp.*, 791 F. Supp. 2d 383, 390 (M.D. Pa. 2011) (Conner, J.) ("a statute is facially unconstitutional only if 'no set of circumstances exists under which the [statute] would be valid'") (quoting *United States v. Salerno,* 481 U.S. 739, 745 (1987) (alterations in original)).

### C.   Section 6106 Regulates Conduct That Falls Outside The Scope Of The Second Amendment In Other Respects As Well

Plaintiffs' facial and as applied challenge to § 6106 also fails because § 6106 regulates conduct that falls outside the scope of the Second Amendment in other respects as well. Plaintiffs allege that they wish "to carry loaded and unloaded, operable firearms on their person, outside their homes, while in public and in motor vehicles, for lawful purposes including immediate self-defense." Doc. 1 ¶ 4. Plaintiffs seek an order enjoining Defendant from enforcing § 6106 in a manner that prevents Plaintiffs "from carrying or otherwise transporting loaded and

unloaded, operable firearms in public on their person and in their motor vehicles." *Id*. at pg. 63.  Plaintiffs' challenge fails because the Second Amendment does not protect the carrying of concealed weapons or the transport of loaded firearms.

As described above, § 6106 restricts the concealed carrying and transport of firearms.  Section 6106 does not implicate the Second Amendment because the Supreme Court has long held that the right protected by the Second Amendment does not include the carrying of concealed weapons.  *See Robertson v. Baldwin*, 165 U.S. 275, 281-82 (1897) ("the right of the people to keep and bear arms (article 2) is not infringed by laws prohibiting the carrying of concealed weapons"); *see also Bruen*, 142 S. Ct. at 2150 ("The historical evidence from antebellum America does demonstrate that the manner of public carry was subject to reasonable regulation" and "States could lawfully eliminate one kind of public carry—concealed carry—so long as they left open the option to carry openly."); *Heller*, 554 U.S. at 595 ("the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues"); *Peterson v. Martinez*, 707 F.3d 1197, 1211 (10th Cir. 2013) ("the Second Amendment does not confer a right to carry concealed weapons").

Courts have also consistently held that there is "no Second Amendment right for members of the public to transport loaded and non-encased firearms in their

vehicles without a concealed carry permit." *Clark v. City of Shawnee, Kansas*, 228 F. Supp. 3d 1210, 1232 (D. Kan. 2017); *see Commonwealth v. McKown*, 79 A.3d 678, 690 (Pa. Super. Ct. 2013) ("We point out that neither the Second Amendment to the United States Constitution, nor the Pennsylvania Constitution, bestows on any person the right to carry a concealed firearm or transport a loaded firearm in a vehicle."). That is because "when concealed within a motor vehicle" a firearm "is analogous to the litany of state concealed carry prohibitions specifically identified as valid in *Heller*." *United States v. Masciandaro*, 638 F.3d 458, 473-74 (4th Cir. 2011); *see Bruen*, 142 S. Ct. at 2133 ("analogical reasoning under the Second Amendment is n[ot] a regulatory straightjacket" and "requires only that the government identify a well-established and representative historical <u>analogue</u>, not a historical <u>twin</u>") (emphasis in original).

In sum, § 6106 regulates conduct that is outside the scope of the Second Amendment in these other respects as well and Plaintiffs' challenge to § 6106 also fails for these reasons.

## II.   THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS WITH RESPECT TO §§ 6107 AND 6108

As described above, Plaintiffs' Second Amendment claims fail because (i) the Supreme Court endorsed the constitutionality of Pennsylvania's firearm licensing regime in *Bruen*; (ii) the challenged Pennsylvania laws are presumptively lawful felon dispossession statutes that fall outside the scope of the Second

Amendment under controlling Supreme Court and Third Circuit precedent; and (iii) the conduct regulated by § 6106 falls outside the scope of the Second Amendment in other respects as well. Plaintiffs' claims should be dismissed for these reasons alone. In addition, Plaintiffs' claims with respect to §§ 6107 and 6108 also fail because the Court lacks subject matter jurisdiction to consider them. In particular, Plaintiffs' claims with respect to § 6107 are moot and Plaintiffs lack standing to challenge § 6108. Plaintiffs' claims with respect to these statutes should be dismissed for these separate reasons as well.

### A.    Plaintiffs' Claims With Respect To § 6107 Are Moot

Plaintiffs' facial and as applied challenge to § 6107 should be dismissed as moot. "The mootness doctrine derives from Article III of the Constitution, which limits the 'judicial Power' of the United States to the adjudication of 'Cases' or 'Controversies.'" *Am. Bird Conservancy v. Kempthorne*, 559 F.3d 184, 188 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2). A case is moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *United Steel Paper and Forrest Rubber Mfg. Allied Indus. v. Virgin Islands*, 842 F.3d 201, 208 (3d Cir. 2016) (emphasis added). "When parties lose their personal stake in the outcome, the case becomes moot and must be dismissed, even if it once was a live controversy at an earlier stage of the proceeding." *United States v. Huff*, 703 F.3d 609, 611 (3d Cir. 2013). "[T]he central question of all

mootness problems is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." *Kempthorne*, 599 F.3d at 188 (quoting *In re Surrick*, 338 F.3d 224, 230 (3d Cir. 2003)). As such, "past exposure to illegal conduct does not in itself show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).

Here, the conditions that gave rise to Plaintiffs' claims have changed dramatically. When this case was filed Pennsylvania had been in an uninterrupted state of emergency for nearly three years because of the opioid and COVID-19 public health crises. But, as described above, Pennsylvania has since amended its constitution to limit the Governor's authority to issue an emergency declaration to 21 days, unless the General Assembly votes to extend it. *See* PA CONST Art. IV, § 20. And the emergency proclamations alleged in the Complaints have lapsed and cannot be re-instituted. The Commonwealth is not currently under a declared state of emergency and the public-carry limitations in § 6107 are not currently in effect.

In addition, § 6107 is not causing Plaintiffs to suffer any continuing, adverse effects. The Individual Plaintiffs allege in the Complaint that they have a "desire" to carry a "loaded firearm" "on the public streets and public property throughout the Commonwealth" for protection. Doc. 1 ¶¶ 50(d), 66(d), 81(d). But as of today the Individual Plaintiffs can do exactly that anywhere in the Commonwealth

without violating § 6107 in any way whatsoever.  Nor do Plaintiffs make any allegation that other emergency declarations are likely to occur at any time in the future such that the Individual Plaintiffs will again be subject to the public carrying restrictions in § 6107.

For these reasons, Plaintiffs' claims with respect to § 6107 are moot and must be dismissed.  *See Hart v. Whalen*, 2009 WL 5173487, at *3 n.1 (M.D. Pa. Dec. 22, 2009) (dismissing civil rights claims as moot when the plaintiff was "no longer subjected to the alleged conditions he attempts to challenge" and there was "only a remote chance of Plaintiff again being subjected to the conditions" in the future).

## B.    Plaintiffs Lack Standing To Challenge § 6108

Plaintiffs' facial and as applied challenge to § 6108 should be dismissed because Plaintiffs lack standing.  "Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'  For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing."  *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (quoting *Raines v. Byrd*, 521 U.S. 811, 820 (1997)).

> [T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection

> between the injury and the conduct complained of—the
> injury has to be fairly traceable to the challenged action
> of the defendant, and not the result of the independent
> action of some third party not before the court.  Third, it
> must be likely, as opposed to merely speculative, that the
> injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and quotation marks omitted) (alterations removed).  "As the party invoking federal jurisdiction, the plaintiffs bear the burden of demonstrating that they have standing."  *TransUnion*, 141 S. Ct. at 2208.

With respect to the first requirement, "[a]llegations of possible future injury do not satisfy the" injury-in-fact "requirements of Article III."  *Sherwin-Williams Co. v. County of Delaware*, 968 F.3d 264, 269 (3d Cir. 2020).  Where, as here, "the alleged injury is threatened future prosecution under a challenged statute, challengers" must "allege 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by [the challenged] statute, and there exists a credible threat of prosecution thereunder.'"  *Firearm Owners Against Crime v. City of Harrisburg*, 2016 WL 1162283, at *5 (M.D. Pa. Mar. 24, 2016) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014)) (alterations in original).  Plaintiffs have not done so here.

Section 6108 only limits the Individual Plaintiffs from carrying firearms on the public property and public streets of Philadelphia and the Individual Plaintiffs do not allege any desire – let alone any intent – to ever carry firearms in

Philadelphia.  Nor do the Individual Plaintiffs allege that there is a credible threat that they will ever be arrested and/or prosecuted by any member of the PSP even if they were to carry firearms in Philadelphia.  Plaintiffs must allege both of these to establish standing and Plaintiffs' failure to plead either is fatal to the Court's jurisdiction.  *See Firearm Owners*, 2016 WL 1162283, at *7 (holding "that Plaintiffs could not demonstrate standing to challenge" a Harrisburg emergency gun control ordinance absent allegations of "a more imminent threat of prosecution" by defendants).

Plaintiffs' claims with respect to § 6108 should be dismissed for lack of standing.

## III.   IN THE ALTERNATIVE DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON ALL OF PLAINTIFFS' CLAIMS

As described above, the Complaint in this action should be dismissed because (i) Plaintiffs' claims fail substantively as a matter of law and (ii) the Court lacks subject matter jurisdiction to consider Plaintiffs' claims with respect to §§ 6107 and 6108.  In the alternative, Defendant is also entitled to summary judgment on all of Plaintiffs' claims.

Summary judgment should be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from

which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (quoting *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).  In order to defeat a motion for summary judgment, the party opposing the motion must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Here, there is no genuine dispute as to any material fact and Defendant is entitled to judgment as a matter of law.

It is undisputed that each of the Individual Plaintiffs has been previously convicted of engaging in felony criminal conduct and that they are unable to obtain a license to carry a concealed firearm for this reason alone.  *See* Doc. 42 ¶¶ 2-4. Defendant is therefore entitled to judgment as a matter of law on Plaintiffs' claims because (i) the Supreme Court recently affirmed the constitutionality of Pennsylvania's firearm licensing scheme in *Bruen*; (ii) the challenged Pennsylvania laws are presumptively lawful felon dispossession statutes that fall outside the scope of the Second Amendment under controlling Supreme Court and Third Circuit precedent; and (iii) the conduct regulated by § 6106 falls outside the scope of the Second Amendment in other respects as well.  *See* Sec. I *supra*.

It is also undisputed that the emergency declarations that are alleged in the Complaint have lapsed and cannot be reinstituted. *See* Doc. 42 ¶ 8. Thus, the Commonwealth is not currently under a declared state of emergency and the public carry restrictions in § 6107 are not in effect. *See id.* at ¶ 9. Accordingly, Plaintiffs' claims with respect to § 6107 – which only applies during declared states of emergency – should be dismissed as moot. *See* Sec. II.A *supra*. Nor is there any evidence that the Individual Plaintiffs reside in Philadelphia, work in Philadelphia, spend substantial time in Philadelphia or face any security threats in Philadelphia. *See* Doc. 42 ¶ 10. Thus, Plaintiffs' claims with respect to § 6108 – which only limits carrying on the public streets and public property of Philadelphia – should be dismissed for lack of standing. *See* Sec. II.B *supra*. Defendant is entitled to judgment as a matter of law for these separate reasons as well.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss should be granted and the Complaint should be dismissed in its entirety. In the alternative, the Court should grant summary judgment to Defendant on all of Plaintiffs' claims.

Respectfully submitted,

**JOSH SHAPIRO**
**Attorney General**

By: *s/ Alexander T. Korn*

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 712-2037**

**akorn@attorneygeneral.gov**

**Date:  September 13, 2022**

**ALEXANDER T. KORN**
**Deputy Attorney General**
**Attorney ID 323957**

**KAREN M. ROMANO**
**Chief Deputy Attorney General**
**Civil Litigation Section**

**Counsel for Defendant**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JULIO SUAREZ, DANIEL** | : | |
| **BINDERUP, DANIEL MILLER,** | : | |
| **FIREARMS POLICY COALITION,** | : | |
| **INC.** *and* **SECOND AMENDMENT** | : | **No. 1:21-CV-0710** |
| **FOUNDATION,** | : | |
| **Plaintiffs** | : | **Judge Conner** |
| | : | |
| **v.** | : | **Electronically Filed Document** |
| | : | *Complaint Filed 04/16/21* |
| **ROBERT EVANCHICK,** | : | |
| **Defendant** | : | |

## CERTIFICATE OF WORD COUNT

I, Alexander T. Korn, Deputy Attorney General for the Commonwealth of

Pennsylvania, Office of Attorney General, hereby certify that the foregoing brief

contains 6,755 words.

## CERTIFICATE OF OF SERVICE

I further certify that on September 13, 2022, I caused to be served a true and

correct copy of the foregoing document titled Defendant's Brief in Support of his

Motion to Dismiss to the following:

## VIA ELECTRONIC FILING

**Joshua G. Prince, Esquire**
**Prince Law Office PC**
**646 Lenape Road**
**Bectelsville, PA 19505**
**joshua@princelaw.com**
*Counsel for Plaintiffs*

_s/ Alexander T. Korn_
**ALEXANDER T. KORN**
Deputy Attorney General