# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULIO SUAREZ, DANIEL** | : | |
| **BINDERUP, DANIEL MILLER,** | : | |
| **FIREARMS POLICY COALITION,** | : | |
| **INC.** *and* **SECOND AMENDMENT** | : | **No. 1:21-CV-0710** |
| **FOUNDATION,** | : | |
| **Plaintiffs** | : | **Judge Conner** |
| | : | |
| **v.** | : | **Electronically Filed Document** |
| | : | *Complaint Filed 04/16/21* |
| **ROBERT EVANCHICK,** | : | |
| **Defendant** | : | |

## DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Respectfully submitted,

**JOSH SHAPIRO**
**Attorney General**

By:   *s/ Alexander T. Korn*
   **ALEXANDER T. KORN**
   **Deputy Attorney General**
   **Attorney ID 323957**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 712-2037**

**KAREN M. ROMANO**
**Chief Deputy Attorney General**
**Civil Litigation Section**

akorn@attorneygeneral.gov

**Date:  October 13, 2022**

**Counsel for Defendant**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iii

INTRODUCTION ..................................................................................................1

STATEMENT OF FACTS ......................................................................................2

ARGUMENT .........................................................................................................2

I.     PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE THE CHALLENGED PENNSYLVANIA LAWS ARE FACIALLY CONSTITUTIONAL.........................................................3

II.    PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE THE CONDUCT REGULATED BY § 6106 FALLS OUTSIDE THE SCOPE OF THE SECOND AMENDMENT......................5

III.   PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' AS-APPLIED CHALLENGE ......10

     A.    Plaintiffs' As-Applied Challenge To § 6107 Is Moot........................11

     B.    Plaintiffs Lack Standing To Bring An As-Applied Challenge To §§ 6106 And 6108 ..................................................................................16

CONCLUSION ....................................................................................................24

# TABLE OF AUTHORITIES

Page(s)

**<u>Cases</u>**

*Am. Bird Conservancy v. Kempthorne,*
  559 F.3d 184 (3d Cir. 2009) ...................................................................................11

*Berckeley Inv. Group, Ltd. v. Colkitt,*
  455 F.3d 195 (3d Cir. 2006) ...................................................................................24

*Bezet v. U.S.,*
  276 F. Supp. 3d 576 (E.D. La. 2017) .....................................................................22

*Binderup v. Attorney Gen. U.S. of,*
  *Am.*, 836 F.3d 336 (3d Cir. 2016) ...........................................................................3

*Caetano v. Massachusetts,*
  577 U.S. 411 (2016) ...............................................................................................10

*City of Erie, Pa. v. Guar. Nat'l Ins. Co.,*
  109 F.3d 156 (3d Cir. 1997) ...................................................................................19

*Clark v. City of Shawnee, Kansas,*
  228 F. Supp. 3d 1210 (D. Kan. 2017) ...................................................................6, 7

*Commonwealth v. Hopkins,*
  747 A.2d 910 (Pa. Super. Ct. 2000) ....................................................................19, 20

*Commonwealth v. McKown,*
  79 A.3d 678 (Pa. Super. Ct. 2013) ...........................................6, 7, 8, 9, 19

*Commonwealth v. Turner,*
  488 A.2d 319 (Pa. Super. Ct. 1985) ....................................................................19, 20

*Ctr. for Individual Freedom v. Carmouche,*
  449 F.3d 655 (5th Cir. 2006) ..................................................................................18

*District of Columbia v. Heller,*
    554 U.S. 570 (2008) ............................................................ 3, 5, 6, 7, 9

*Elliott v. Pa. Intercollegiate Athletic Assoc.,* --- F.,
    Supp. 3d ----, 2022 WL 987887 (M.D. Pa. Mar. 31, 2022) ...............................13

*Firearm Owners Against Crime v. City of Harrisburg,*
    2016 WL 1162283 (M.D. Pa. Mar. 24, 2016)........................................ 18, 20, 23

*Folajtar v. Attorney Gen. of the U.S.,*
    980 F.3d 897 (3d Cir. 2020) ...................................................................5

*GeorgiaCarry.Org, Inc. v. Georgia,*
    687 F.3d 1244 (11th Cir. 2012).................................................... 18, 20

*Hamilton v. Bromley,*
    862 F.3d 329 (3d Cir. 2017) .................................................................13

*In re Surrick,*
    338 F.3d 224 (3d Cir. 2003) .................................................................11

*Lane v. Holder,*
    703 F.3d 668 (4th Cir. 2012)................................................................22

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992) ............................................................... 16, 21, 22

*Muscarello v. United States,*
    524 U.S. 125, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998) ........................................8

*New York State Rifle & Pistol Ass'n v. Bruen,*
    142 S. Ct. 2111 (2022)................................................................ 3, 5, 7, 9

*O'Shea v. Littleton,*
    414 U.S. 488 (1974) ...........................................................................12

*Peterson v. Martinez,*
    707 F.3d 1197 (10th Cir. 2013)...............................................................6

*Raines v. Byrd*,
   521 U.S. 811 (1997) ...................................................................................16

*Robertson v. Baldwin*,
   165 U.S. 275 (1897) .....................................................................................6

*Scholl v. Thompson*,
   2022 WL 525847 (M.D. Pa. Feb. 22, 2022).............................................15

*Sherwin-Williams Co. v. County of Delaware*,
   968 F.3d 264 (3d Cir. 2020) ....................................................................17

*Southern Pacific Terminal Co. v. ICC*,
   219 U.S. 498 (1911) ...................................................................................13

*Spencer v. Kemna*,
   523 U.S. 1 (1998) .......................................................................................13

*Susan B. Anthony List v. Driehaus*,
   573 U.S. 149 (2014) ...................................................................................18

*TransUnion LLC v. Ramirez*,
   141 S. Ct. 2190 (2021)...............................................................................16

*U.S. v. Barton*,
   633 F.3d 168 (3d Cir. 2011) .......................................................... 3, 4, 5, 9

*U.S. v. Huff*,
   703 F.3d 609 (3d Cir. 2013) .....................................................................11

*U.S. v. Masciandaro*,
   638 F.3d 458 (4th Cir. 2011) ......................................................................7

*U.S. v. Masciandaro*,
   648 F. Supp. 2d 779 (E.D. Va. 2009).........................................................7

*United Steel Paper and Forrest Rubber Mfg. Allied Indus. v. Virgin Islands*,
   842 F.3d 201 (3d Cir. 2016) .....................................................................11

*Warth v. Seldin*,
   422 U.S. 490 (1975) ...................................................................21

*Westfall v. Miller*,
   77 F.3d 868 (5th Cir. 1996) .........................................................23

*Whitmore v. Arkansas*,
   495 U.S. 149 (1990) ...................................................................17

## **Statutes**

1 Pa.C.S. § 1922 ............................................................................19

1 Pa.C.S. § 1925 ............................................................................19

18 Pa.C.S. § 6106 .................................................................. passim

18 Pa.C.S. § 6107 .................................................................. passim

18 Pa.C.S. § 6108 .................................................................. passim

18 Pa.C.S. § 6109(e)(i)(viii) ................................................ 2, 4, 23

18 U.S.C. § 922(g)(1) ......................................................................5

PA CONST Art. IV, § 20 ............................................................ 12, 14

U.S. Const. art. III ........................................................................11

## **Rules**

Fed. R. Civ. P. 56(c)(2) ................................................................19

## **Other Authorities**

*The "Sensitive Places"* Doctrine,
   13 Charleston L. Rev. 205 (2018) ...............................................15

Defendant Colonel Robert Evanchick, in his official capacity as Commissioner of the Pennsylvania State Police ("Defendant" or "PSP"), hereby submits this brief in opposition to Plaintiffs' motion for summary judgment.

## INTRODUCTION

Plaintiffs' goals and litigation strategy are hardly subtle. Plaintiffs do not like gun regulations and Plaintiffs search for every excuse imaginable to strike down Pennsylvania's regulations here. Plaintiffs construe Pennsylvania's firearm laws as expansively as possible and far broader than any state court has ever done. Plaintiffs then claim that certain Second Amendment conduct is restricted by their freewheeling interpretation of these statutes. Finally, Plaintiffs allege a vague "intent" to engage in the purportedly restricted conduct in order to manufacture a hypothetical conflict between the challenged laws and the Second Amendment even though none exists. But Plaintiffs cannot reverse engineer a constitutional challenge and their claims fail as a matter of law.

For these reasons, as described further below, and for the reasons described in Defendant's opening brief, Plaintiffs' motion for summary judgment should be denied.

## STATEMENT OF FACTS

Defendant submitted a statement of undisputed material facts pursuant to Middle District Local Rule 56.1 in connection with Defendant's motion to dismiss or, in the alternative, motion for summary judgment. *See* Doc. 42. Defendant also provided an overview of the laws challenged by Plaintiffs in Defendant's opening brief. *See* Doc. 43 at 10-19. As described therein, Plaintiffs challenge 18 Pa.C.S. § 6109(e)(i)(viii), which prohibits anyone convicted of a felony criminal offense from obtaining a license to carry a concealed firearm. Plaintiffs also challenge 18 Pa.C.S. §§ 6106-6108, which place certain restrictions on the carrying and transport of firearms by people without a license.

## ARGUMENT

Plaintiffs' motion for summary judgment should be denied for the following reasons.

*First*, Plaintiffs' facial challenge to §§ 6106-6109 fails because the challenged laws are presumptively lawful felon gun dispossession statutes that fall outside the scope of the Second Amendment under controlling Supreme Court and Third Circuit precedent.

*Second*, Plaintiffs' facial and as-applied challenge to § 6106 fails because § 6106 regulates conduct that falls outside the scope of the Second Amendment in a separate respect as well.

*Third*, Plaintiffs' as-applied challenge to §§ 6106-6108 fails because the Court lacks subject matter jurisdiction.  In particular, Plaintiffs' challenge to § 6107 is moot and Plaintiffs lack standing to challenge §§ 6106 and 6108.

## I.     PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE THE CHALLENGED PENNSYLVANIA LAWS ARE FACIALLY CONSTITUTIONAL

"To prevail on [their] facial challenge" to §§ 6106-6109, '[Plaintiffs] must 'establish [ ] that no set of circumstances exists under which . . . [the statutes] would be valid, i.e., that the law[s] [are] unconstitutional in all of [their] applications.'" *U.S. v. Barton*, 633 F.3d 168, 172 (3d Cir. 2011), *overruled in part on other grounds*, *Binderup v. Attorney Gen. U.S. of Am.*, 836 F.3d 336, 347 (3d Cir. 2016), *abrogated in part on other grounds*, *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022).  Plaintiffs cannot do so here.  The challenged laws are presumptively lawful felon gun dispossession statutes that fall outside the scope of the Second Amendment under controlling Supreme Court and Third Circuit precedent.   Accordingly, Plaintiffs' facial challenge fails.

The United States Supreme Court held in *District of Columbia v. Heller*, 554 U.S. 570, 626-27 n.26 (2008) that "prohibitions on the possession of firearms by felons" are "presumptively lawful regulatory measures. . . ."  Under Third Circuit precedent, "felons are people who have been convicted of any crime that is punishable by death or imprisonment for more than one year." *Binderup*, 836 F.3d

3

at 347 (internal quotation omitted).   In Pennsylvania, felons are not permitted to obtain a license to carry a concealed firearm.   *See* 18 Pa.C.S. § 6109(e)(1)(viii) ("A license shall not be issued to . . . [a]n individual who is charged with or has been convicted of a crime punishable by imprisonment for a term exceeding one year. . . .").   Pennsylvania law also places carrying restrictions on felons by limiting what people can do without a license.   In particular, § 6106 prohibits people without a license from carrying and transporting concealed firearms.   *See* 18 Pa.C.S. § 6106. Section 6107 prohibits people without a license from carrying firearms during declared states of emergency when they are not actively engaged in self-defense. *See* 18 Pa.C.S. § 6107.   And § 6108 prohibits people without a license from carrying firearms on the public property and public streets of Philadelphia.   *See* 18 Pa.C.S. § 6108.

These laws are presumptively lawful felon dispossession statutes because the restrictions only apply to people convicted of engaging in felony criminal conduct. And "because *Heller* requires that we 'presume,' under most circumstances, that felon dispossession statutes regulate conduct which is unprotected by the Second Amendment," it necessarily follows that the challenged Pennsylvania laws are constitutional in most (if not all) of their applications.   *Barton*, 633 F.3d at 172. *See id*. ("A lawful prohibition regulates conduct falling outside the scope of the Second Amendment's guarantee.") (internal quotation and alterations omitted); *see*

*also Bruen*, 142 S. Ct. at 2157 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun . . . Nor have we disturbed anything that we said in *Heller* . . . about restrictions that may be imposed on the possession or carrying of guns.").

As a result, Plaintiffs' facial challenge to these laws "must fail." *Barton*, 633 F.3d at 172. *See id.* (dismissing a facial challenge to 18 U.S.C. § 922(g)(1), which prohibits any person convicted of a felony from possessing a firearm); *see also Folajtar v. Attorney Gen. of the U.S.*, 980 F.3d 897, 901 (3d Cir. 2020) ("Since *Heller*, we, along with every court to consider the issue, have rejected challenges that § 922(g)(1) on its face violates the Second Amendment.").

## II. PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE THE CONDUCT REGULATED BY § 6106 FALLS OUTSIDE THE SCOPE OF THE SECOND AMENDMENT

Plaintiffs purport to challenge § 6106, which limits the concealed carrying and transport of firearms by people without a license. As described above, Plaintiffs' facial challenge to § 6106 fails because § 6106 is a presumptively lawful felon dispossession statute. In addition, as described below, Plaintiffs' facial and as-applied challenge to § 6106 also fails because the statute regulates conduct that falls outside the scope of the Second Amendment in a separate respect as well.

"[T]he statute [Plaintiffs] challeng[e] here, 18 Pa.C.S.A. § 6106, only restricts an unlicensed person from carrying a firearm hidden on his person or

carrying a loaded firearm in a vehicle." *Commonwealth v. McKown*, 79 A.3d 678, 689 (Pa. Super. Ct. 2013) (emphasis added).  These restrictions do not implicate the Second Amendment because the Supreme Court has long held that the right protected by the Second Amendment does not include the carrying of concealed firearms.  *See Heller*, 554 U.S. at 626 ("the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues"); *Robertson v. Baldwin*, 165 U.S. 275, 281-82 (1897) ("the right of the people to keep and bear arms (article 2) is not infringed by laws prohibiting the carrying of concealed weapons"); *see also Peterson v. Martinez*, 707 F.3d 1197, 1211 (10th Cir. 2013) ("the Second Amendment does not confer a right to carry concealed weapons").

Nor does the Second Amendment confer a right to transport loaded firearms in motor vehicles.  *See Clark v. City of Shawnee, Kansas*, 228 F. Supp. 3d 1210, 1232 (D. Kan. 2017) (there is "no Second Amendment right for members of the public to transport loaded and non-encased firearms in their vehicles without a concealed carry permit"); *McKown*, 79 A.3d at 690 ("We point out that neither the Second Amendment to the United States Constitution, nor the Pennsylvania Constitution, bestows on any person the right to carry a concealed firearm or transport a loaded firearm in a vehicle.").  To survive constitutional scrutiny the limitations on transport in § 6106 must be "consistent with this Nation's historical

tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2126. "[A]nalogical reasoning under the Second Amendment is n[ot] a regulatory straightjacket" and "requires only that the government identify a well-established and representative historical <u>analogue</u>, not a historical <u>twin</u>." *Id*. at 2133 (emphasis in original). That standard is clearly satisfied here.

The limitations on transport in § 6106 "are analogous to the litany of state concealed carry prohibitions specifically identified as valid in *Heller*." *U.S. v. Masciandaro*, 638 F.3d 458, 473-74 (4th Cir. 2011), *abrogated in part on other grounds*, *Bruen*. "[T]here is no serious question that firearms being transported in a vehicle are most typically not visible to others outside of the vehicle." *Clark*, 228 F. Supp. 3d at 1231. *See U.S. v. Masciandaro*, 648 F. Supp. 2d 779, 790 (E.D. Va. 2009) ("*Heller*'s approval of concealed weapons bans provides further support for rejecting Masciandaro's as-applied challenge, as carrying a loaded weapon in a motor vehicle" is "an act which, by definition, is almost always outside the view of those nearby"). Thus, "18 Pa.C.S.A. § 6106 serves to protect the public from persons who would carry <u>concealed</u> firearms for unlawful purposes." *McKown*, 79 A.3d at 691 (emphasis added).

Accordingly, the limitations on transport in § 6106 are consistent with the nation's tradition of prohibiting the carrying of concealed firearms and are therefore constitutional. *See Clark*, 228 F. Supp. 3d at 1232 ("the similarities

7

between concealed carry and vehicular transportation" are "sufficient in terms of regulatory effect, kind and purpose"); *see also McKown*, 79 A.3d at 690 n.9 (holding that § 6106 "pass[es] constitutional muster under strict scrutiny" because "[t]he law is narrowly tailored and necessary to the achievement of protecting citizens from individuals who carry concealed firearms or transport loaded firearms in a vehicle, which is a compelling state interest").

Plaintiffs ignore all of the foregoing precedent. Instead, Plaintiffs cite to selectively quoted language from *Heller* in support of their assertion that the Second Amendment includes a right to carry concealed firearms. *See* Doc. 40 at 27-28.[1] But that is <u>not</u> what *Heller* held. To the contrary, *Heller* held that the

---

[1]     The relevant paragraph from *Heller* states in full:

> At the time of the founding, as now, to "bear" meant to "carry." When used with "arms," however, the term has a meaning that refers to carrying for a particular purpose—confrontation. In *Muscarello v. United States*, 524 U.S. 125, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998), in the course of analyzing the meaning of "carries a firearm" in a federal criminal statute, Justice GINSBURG wrote that "[s]urely a most familiar meaning is, as the Constitution's Second Amendment ... indicate[s]: 'wear, bear, or carry . . . upon the person or in the clothing or in a pocket, for the purpose . . . of being armed and ready for offensive or defensive action in a case of conflict with another person.'" *Id.*, at 143, 118 S.Ct. 1911 (dissenting opinion) (quoting Black's Law Dictionary 214 (6th ed.1990)). We think that Justice GINSBURG accurately captured the natural meaning of

Second Amendment is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. For example, the majority of the 19th-century courts to consider the question held that <u>prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues</u>." 554 U.S. at 626 (internal citation omitted) (emphasis added). And *Heller* stressed that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions. . . ." *Id*. *See Barton*, 633 F.3d at 172 ("[T]he Supreme Court's discussion in *Heller* of the categorical exceptions to the Second Amendment was not abstract and hypothetical; it was outcome-determinative. As such, we are bound by it.").

In addition, *Bruen* confirmed that states may "lawfully eliminate one kind of public carry—concealed carry—so long as they le[ave] open the option to carry openly." 142 S. Ct. at 2150. That is certainly the case here since § 6106 does not restrict the open carrying of firearms in any way whatsoever. *See McKown*, 79 A.3d at 689 (noting that § 6106 "does not prohibit a person from owning a firearm

---

> "bear arms." Although the phrase implies that the carrying of the weapon is for the purpose of "offensive or defensive action," it in no way connotes participation in a structured military organization.

554 U.S. at 584 (alterations in original) (internal citations omitted).

or from carrying a firearm, nor does it proscribe the transportation of a firearm in a vehicle").[2]

In sum, the prohibitions on concealed carry and transport in § 6106 are consistent with the Nation's historical tradition of prohibiting the concealed carrying of firearms and the statute falls outside the scope of the Second Amendment in this other respect as well. Consequently, Plaintiffs' facial and as-applied challenge to § 6106 fails.

## III. PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' AS-APPLIED CHALLENGE

Plaintiffs' motion for summary judgment should also be denied because the Court lacks subject matter jurisdiction over Plaintiffs' as-applied challenge to §§ 6106-6108. In particular, Plaintiffs' challenge to § 6107 is moot and Plaintiffs lack standing to challenge §§ 6106 and 6108.

---

[2]   Plaintiffs also cite to the inapposite case of *Caetano v. Massachusetts*, 577 U.S. 411, 411 (2016) (per curiam), in which the Court reversed a state court decision upholding "a Massachusetts law prohibiting the possession of stun guns after examining whether a stun gun is the type of weapon contemplated by Congress in 1789 as being protected by the Second Amendment." (internal quotation omitted). Unlike the plaintiffs in *Caetano*, Plaintiffs here are not challenging any laws that restrict the types of weapons they may possess.

A.    **Plaintiffs' As-Applied Challenge To § 6107 Is Moot**

1.    The emergency declarations alleged in the Complaint have lapsed and the carrying restrictions in § 6107 are not in effect.

As described above, Plaintiffs purport to challenge § 6107, which prohibits people without a concealed carry license from carrying firearms during declared states of emergency when they are not actively engaged in self-defense. Plaintiffs' challenge is moot because the emergency declarations alleged in the Complaint have lapsed and the carrying restrictions in § 6107 are not in effect.

"The mootness doctrine derives from Article III of the Constitution, which limits the 'judicial Power' of the United States to the adjudication of 'Cases' or 'Controversies.'" *Am. Bird Conservancy v. Kempthorne*, 559 F.3d 184, 188 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2). A case is moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *United Steel Paper and Forrest Rubber Mfg. Allied Indus. v. Virgin Islands*, 842 F.3d 201, 208 (3d Cir. 2016). "When parties lose their personal stake in the outcome, the case becomes moot and must be dismissed, even if it once was a live controversy at an earlier stage of the proceeding." *U.S. v. Huff*, 703 F.3d 609, 611 (3d Cir. 2013). "[T]he central question of all mootness problems is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." *Am. Bird*, 599 F.3d at 188 (quoting *In re Surrick*, 338 F.3d 224, 230 (3d Cir. 2003)). As such, "past exposure

11

to illegal conduct does not in itself show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).

Here, the conditions that gave rise to Plaintiffs' claims have changed dramatically.  When this case was filed Pennsylvania had been in an uninterrupted state of emergency for nearly three years because of the opioid and COVID-19 public health crises.  But, as described in Defendant's statement of undisputed material facts, Pennsylvania has since amended its constitution to limit the Governor's authority to issue an emergency declaration to 21 days, unless the General Assembly votes to extend it.  *See* PA CONST Art. IV, § 20.  And the emergency proclamations alleged in the Complaint have lapsed and cannot be re-instituted.  The Commonwealth is not currently under a declared state of emergency and the public-carry limitations in § 6107 are not currently in effect.[3]

---

[3]   Plaintiffs assert that the Commonwealth was also under a proclaimed state of emergency "related to the Pittsburgh's Fern Hollow Bridge collapse" from January 28, 2022 through September 30, 2022.  Doc. 39-6 ¶ 11.  That is incorrect.  The terms of the emergency declaration stated expressly that the emergency was limited to the area of Allegheny County.  *See* Defendant's Response to Plaintiffs' Statement of Material Facts Ex. A ("I do hereby proclaim the existence of a general disaster emergency in Allegheny County. . . .").  As such, it was not a Commonwealth wide emergency.  Plaintiffs' assertion is also irrelevant to the issue of mootness because this emergency declaration too has lapsed and cannot be reinstituted.  Plaintiffs also cite to an Emergency Order issued by the Philadelphia Department of Public Health concerning the temporary reinstatement of masking requirements in certain situations to prevent the spread of COVID-19.  *See* Doc. 40

Nor is § 6107 causing Plaintiffs to suffer any continuing, adverse effects. Plaintiffs allege that they have a "desire" to carry a "loaded firearm" "on the public streets and public property throughout the Commonwealth" for protection.  Doc. 1 ¶¶ 50(d), 66(d), 81(d).  But as of today Plaintiffs can do exactly that anywhere in the Commonwealth without violating § 6107 in any way whatsoever.

For these reasons, Plaintiffs' challenge to § 6107 fails because it is moot.

> 2.      The capable of repetition yet evading review doctrine does not apply.

Notwithstanding the foregoing, Plaintiffs assert that their challenge to § 6107 is not moot because it presents "an issue capable of repetition and evading review."  Doc. 40 at 10 n.12 (citing *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498 (1911)).  Plaintiffs are wrong.  "The capable-of-repetition doctrine is a narrow exception that 'applies only in exceptional situations' where . . .," among other things, "'there is a reasonable expectation that the same complaining party will be subject to the same action again.'"  *Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).  To satisfy this standard Plaintiffs must "adduce 'affirmative evidence' of a reasonable expectation that [they] will be subject to the same conduct again."  *Elliott v. Pa.*

---

at 14 n.12.  But this Order – which applies only to Philadelphia – is not an emergency declaration at all and does not trigger the carrying restrictions in § 6107.

*Intercollegiate Athletic Assoc.*, --- F. Supp. 3d ----, 2022 WL 987887, at *11 (M.D. Pa. Mar. 31, 2022) (Brann, J.).  Plaintiffs have provided no such evidence here.

To the contrary, the evidence shows that Plaintiffs cannot be subject to the same conduct again at any time in the future.  The Pennsylvania Constitution proscribes the governor from issuing a new disaster emergency declaration "based upon the same or substantially similar facts and circumstances" as a prior declaration "without the passage of a concurrent resolution of the General Assembly expressly approving the new disaster emergency declaration." PA CONST Art. IV, § 20(d).  Thus, the governor cannot unilaterally issue another opioid and/or COVID-19 emergency declaration as a matter of law.

Moreover, the potential that a future declaration related to a separate emergency may impinge Plaintiffs' Second Amendment rights is far too speculative to show that Plaintiffs' challenge to § 6107 is not moot.  For this to happen (i) the governor or a municipal official would have to issue another declaration to address a separate and distinct emergency; (ii) the declaration would have to encompass a geographic area that affects Plaintiffs in a personal and individual way; and (iii) the declaration would have to trigger the public carrying restrictions in § 6107 so as to deprive Plaintiffs of a right protected by the Second Amendment.  But there is no evidence that any of the foregoing is likely to occur.

Indeed, there has not been a single emergency declaration that impacts Plaintiffs since the Pennsylvania Constitution was amended nearly 17 months ago.[4] Furthermore, a hypothetical future emergency declaration that does impact Plaintiffs may not invoke § 6107 in a manner that conflicts with the Second Amendment at all.  By way of example, a future declaration may be based on an armed domestic insurrection or an invasion by a foreign military force.  In these situations the attendant restrictions in § 6107 would likely be analogous to historical restrictions on the open carrying of firearms by a person "under circumstances giving just reason to fear that he purposes to make an unlawful use of them."   D. Kopel & J. Greenlee, *The "Sensitive Places" Doctrine*, 13 Charleston L. Rev. 205, 234 n.111 (2018).  As such, the restrictions would be consistent with the Nation's historical tradition of firearm regulation and would not run afoul of the Second Amendment.

In sum, "[s]uch multifaceted speculation" regrading hypothetical future emergency declarations and their potential effects on Plaintiffs "is too remote for the capable of repetition yet evading review doctrine to apply."   *Scholl v. Thompson*, 2022 WL 525847, at *3 (M.D. Pa. Feb. 22, 2022) (Conner, J.).

---

[4]   While Plaintiffs point to the emergency declaration for Allegheny County that was issued as a result of the Fern Hollow Bridge collapse, Plaintiffs do not make any allegation that they live or work in Allegheny County or that the declaration affects them in some other personal and individual way.

**B.**    **Plaintiffs Lack Standing To Bring An As-Applied Challenge To §§ 6106 And 6108**

Plaintiffs' as-applied challenge to §§ 6106 and 6108 fails because Plaintiffs lack standing to challenge either statute.  "Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'  For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (quoting *Raines v. Byrd*, 521 U.S. 811, 820 (1997)).

> [T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and quotation marks omitted) (alterations removed).  "As the party invoking federal jurisdiction, the plaintiffs bear the burden of demonstrating that they have standing." *TransUnion*, 141 S. Ct. at 2208.

Here, Plaintiffs do not satisfy this burden because they fail to demonstrate that they have suffered an injury in fact under either §§ 6106 or 6108.  Plaintiffs

also fail to show that any injury caused by these statutes is fairly traceable to the conduct of Defendant.

            1.    <u>Plaintiffs fail to demonstrate that they have suffered an injury in fact</u>.

                a.    *Plaintiffs fail to demonstrate an injury under § 6106*

Plaintiffs acknowledge that they are permitted to transport unloaded firearms to a number of explicitly approved locations under § 6106(b), including "to or from 1. a gun range; 2. their home or vacation home; 3. their business; 4. a gun store; and, 5. a hunting location." Doc. 40 at 7 n.6. Nonetheless, Plaintiffs assert that § 6106 is unconstitutional as-applied to them because it prevents them from transporting unloaded firearms to other unapproved locations. *See id*. at 8 n.9. Plaintiffs lack standing to bring this narrower as-applied challenge because Plaintiffs do not demonstrate that they face a credible threat of prosecution under § 6106 for engaging in this conduct.

"Allegations of possible future injury do not satisfy the requirements of Article III. A threatened injury must be 'certainly impending' to constitute injury in fact." *Sherwin-Williams Co. v. County of Delaware*, 968 F.3d 264, 269 (3d Cir. 2020) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). Where, as here, "the alleged injury is threatened future prosecution under a challenged statute, challengers" must "allege 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by [the challenged] statute,

and there exists a credible threat of prosecution thereunder.'" *Firearm Owners Against Crime v. City of Harrisburg*, 2016 WL 1162283, at *5 (M.D. Pa. Mar. 24, 2016) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014)) (alterations in original).  Plaintiffs have not done so here.

"Plaintiffs argue that [§ 6106], as applied to them, violates their constitutional rights, even though [§ 6106] has not yet been applied to them." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1255 n.20 (11th Cir. 2012), *abrogated in part on other grounds*, *Bruen*.  This is "an inherent contradiction" and "there are few situations where that type of challenge would prevail." *Id*. *See Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 659 (5th Cir. 2006) ("The contention that a party cannot challenge a statute as-applied unless the statute has been applied to him is generally correct.").  "Such a situation could arise when the factual context of the challenge is so clear and uncontroverted that there is no question as to how the statute will be applied." *GeorgiaCarry.Org*, 687 F.3d at 1255 n.20.  But that is not this case.

Plaintiffs do not present any admissible evidence showing that § 6106 has ever been applied to anyone who has transported an unloaded firearm.  Instead, Plaintiffs make bald statements without any foundation regarding an incident from more than 10 years ago in which a non-party was purportedly arrested for violating § 6106 when he sought to intervene in a domestic violence dispute with an

unloaded firearm in his vehicle.  *See* Doc. 40 at 24-25.  These statements are inadmissible for a number of reasons and may not be considered in connection with Plaintiffs' motion.  *See* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."); Defendant's Response to Plaintiffs' Statement of Material Facts ¶¶ 65-66.

In any case, the Pennsylvania Superior Court subsequently held in *McKown* that § 6106 "requires <u>only</u> that the firearm be unloaded during transport in a vehicle" and "<u>only</u> restricts an unlicensed person from . . . carrying a loaded firearm in a vehicle."  79 A.3d at 689 (emphasis added).  That precedent controls here.  *See City of Erie, Pa. v. Guar. Nat'l Ins. Co.*, 109 F.3d 156, 159-60 (3d Cir. 1997) (a federal court must "give proper regard to the opinions of Pennsylvania's intermediate courts" when interpreting a state statute); 1 Pa.C.S. § 1922 (when interpreting a statute it is presumed "[t]hat the General Assembly does not intend to violate the Constitution of the United States"); 1 Pa.C.S. § 1925 ("If any provision of any statute or the application thereof to any person or circumstance is held invalid, the remainder of the statute, and the application of such provision to other persons or circumstances, shall not be affected thereby. . . .").[5]

---

[5]    Plaintiffs cite to *Commonwealth v. Hopkins*, 747 A.2d 910 (Pa. Super. Ct. 2000) and *Commonwealth v. Turner*, 488 A.2d 319 (Pa. Super. Ct. 1985), but their

Thus, because *McKown* held that § 6106 does not prohibit the transport of unloaded firearms in motor vehicles, and because Plaintiffs' narrower as-applied challenge is based on Plaintiffs' desire to transport unloaded firearms (*see* Doc. 40 at 8 n.9), Plaintiffs fail to show that they face a credible threat of prosecution under § 6106 for engaging in this conduct.  *See Firearm Owners*, 2016 WL 1162283, at *6 (holding that plaintiffs lacked standing to challenge an ordinance limiting the possession of firearms by minors when "[t]here is no suggestion that this ordinance has been or would be enforced against minors . . . or those like them engaged in otherwise lawful possession"); *see also GeorgiaCarry.Org*, 687 F.3d at 1255 n.20 (dismissing an as-applied challenge to a law regulating the possession of firearms at places of worship when the complaint did not "include all of the factual allegations necessary to clearly illustrate the context in which the statute will be applied").

---

reliance on these cases is misplaced.  *See* Doc. 40 at 7 n.6.  *Hopkins* involved a criminal prosecution under § 6108, which only limits the carrying of firearms on the public property and public streets of Philadelphia.  *See* 747 A.2d at 913 n.2. The defendant in *Hopkins* was <u>not</u> charged with violating § 6106 and the court did <u>not</u> discuss or consider § 6106 in any part of its decision.  *See id*. at 918 (holding that evidence was sufficient to support a conviction under § 6108 when there was a "reasonable inference that Appellant traveled at least some distance on a public street in order to be able to access the front entryway of . . . a 'typical' Philadelphia row house").  *Turner* is also completely inapposite.  *Turner* addressed an earlier version of § 6106 with materially different language than the current statute. Moreover, *Turner* was explicitly overruled more than 30 years ago in *Commonwealth v. Lopez*, 488 A.2d 319 (Pa. 1989).

Plaintiffs lack standing to bring this as-applied challenge to § 6106 for this reason alone.

b. *Plaintiffs fail to demonstrate an injury under § 6108.*

Plaintiffs also fail to demonstrate that they have suffered an injury under § 6108. To establish an injury in fact Plaintiffs must show that their challenge rests upon "a distinct and palpable injury" to a legally protected interest. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). This injury must "affect the plaintiff[s] in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. The Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Id.* at 573-74. But that is precisely what Plaintiffs are doing here.

Section 6108 only limits Plaintiffs from carrying firearms on the public property and public streets of Philadelphia and Plaintiffs have not provided any evidence showing that the restrictions affect them in a personal and individual way. Rather, Julio Suarez alleges only that his wife "is required to monthly travel to the Philadelphia-area for purposes of her employment and he will be joining her on these trips." Doc. 39-6 ¶ 27(f). Similarly, Daniel Miller alleges that he

"frequents" a restaurant in Philadelphia and occasionally accompanies his fiancé to Philadelphia when she physically travels there for a personal errand. *Id.* at ¶¶ 38(d) and (f). These allegations concern third parties more than Plaintiffs. *See Lujan*, 504 U.S. at 560 (a plaintiff lacks standing when an injury is "the result of the independent action of some third party not before the court") (quotation omitted) (alterations removed). At most, Plaintiffs' purported inability to carry firearms on the public property and public streets during these brief and episodic trips to Philadelphia is a minor inconvenience that is insufficient to confer standing. *See Lane v. Holder*, 703 F.3d 668, 673 (4th Cir. 2012) (holding that a putative gun owner lacked standing to bring a Second Amendment challenge to a regulation imposing requirements on interstate gun transfers when the plaintiff alleged only "minor inconveniences" that "are distinct from an absolute deprivation" of the right to bear arms); *Bezet v. U.S.*, 276 F. Supp. 3d 576, 596 (E.D. La. 2017) (holding that a plaintiff lacked standing when "Plaintiff is not absolutely barred from being transferred a firearm" by the challenged statutes).

Philadelphia is Pennsylvania's largest city and Plaintiffs cannot challenge a law that has far more direct, immediate and personal consequences for each of the city's more than 1.5 million residents than it does for Plaintiffs. Stated differently, "[j]ust because [Plaintiffs] d[o] not like the firearms regulation does not give

[them] standing to complain about its legality." *Westfall v. Miller*, 77 F.3d 868, 870 (5th Cir. 1996).

Accordingly, Plaintiffs have failed to demonstrate that they have suffered an injury in fact under § 6108 and therefore lack standing to challenge the statute.

> 2. <u>Plaintiffs fail to demonstrate that any injury caused by §§ 6106 and 6108 is fairly traceable to the conduct of Defendant.</u>

Plaintiffs also lack standing to bring an as-applied challenge to §§ 6106 and 6108 because Plaintiffs do not demonstrate that any injury caused by these statutes is fairly traceable to the conduct of Defendant. The evidence presented by Plaintiffs shows only that the PSP rejected Plaintiffs' applications for a license to carry concealed firearms pursuant to the precise requirements of § 6109(e)(1)(viii). *See* Doc. 39-6 ¶¶ 26, 37, 48. Plaintiffs do not provide any other evidence regarding the PSP's past, present or future conduct. Crucially, there is no evidence showing that any PSP officer would ever arrest Plaintiffs under § 6106 for transporting unloaded firearms in a motor vehicle. Nor is there any evidence that any PSP officer would ever learn of or arrest Plaintiffs for violating § 6108 if Plaintiffs were to carry firearms on the public property and public streets of Philadelphia.

As a result, Plaintiffs lack standing to bring an as-applied challenge against the PSP because Plaintiffs have failed to provide any evidence demonstrating that the PSP will ever be in a position to apply §§ 6106 and 6108 to Plaintiffs in these situations. *See Firearm Owners*, 2016 WL 1162283, at *8 (holding that plaintiffs

lacked standing to challenge a municipal emergency gun ordinance when plaintiffs did not "show that law enforcement would learn of and address their conduct and that municipal authorities would credibly bring prosecution under the challenged ordinance"); *see also Berckeley Inv. Group, Ltd. v. Colkitt,* 455 F.3d 195, 201 (3d Cir. 2006) (describing summary judgment as "put up or shut up time for the non-moving party").

Plaintiffs lack standing to challenge §§ 6106 and 6108 for this separate reason as well.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for summary judgment should be denied.

**Respectfully submitted,**

**JOSH SHAPIRO**
**Attorney General**

By:   *s/ Alexander T. Korn*
         **ALEXANDER T. KORN**
**Office of Attorney General**    **Deputy Attorney General**
**15th Floor, Strawberry Square**  **Attorney ID 323957**
**Harrisburg, PA 17120**
**Phone: (717) 712-2037**
         **KAREN M. ROMANO**
         **Chief Deputy Attorney General**
**akorn@attorneygeneral.gov**  **Civil Litigation Section**

**Date:  October 13, 2022**    **Counsel for Defendant**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JULIO SUAREZ, DANIEL** | : | |
| **BINDERUP, DANIEL MILLER,** | : | |
| **FIREARMS POLICY COALITION,** | : | |
| **INC.** *and* **SECOND AMENDMENT** | : | **No. 1:21-CV-0710** |
| **FOUNDATION,** | : | |
| **Plaintiffs** | : | **Judge Conner** |
| | : | |
| **v.** | : | **Electronically Filed Document** |
| | : | *Complaint Filed 04/16/21* |
| **ROBERT EVANCHICK,** | : | |
| **Defendant** | : | |

<u>**CERTIFICATE OF WORD COUNT**</u>

I, Alexander T. Korn, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that the foregoing brief contains 5746 words.

<u>**CERTIFICATE OF OF SERVICE**</u>

I further certify that on October 13, 2022, I caused to be served a true and correct copy of the foregoing document titled Defendant's Brief in Support of his Motion to Dismiss to the following:

<u>**VIA ELECTRONIC FILING**</u>

**Joshua G. Prince, Esquire
Prince Law Office PC
646 Lenape Road
Bectelsville, PA  19505
<u>joshua@princelaw.com</u>**
*Counsel for Plaintiffs*

*s/ Alexander T. Korn*

**ALEXANDER T. KORN**
Deputy Attorney General