## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULIO SUAREZ, DANIEL** | : | |
| **BINDERUP, DANIEL MILLER,** | : | |
| **FIREARMS POLICY COALITION,** | : | |
| **INC.** *and* **SECOND AMENDMENT** | : | **No. 1:21-CV-0710** |
| **FOUNDATION,** | : | |
| **Plaintiffs** | : | **Judge Conner** |
| | : | |
| **v.** | : | **Electronically Filed Document** |
| | : | *Complaint Filed 04/16/21* |
| **ROBERT EVANCHICK,** | : | |
| **Defendant** | : | |

### REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Respectfully submitted,

**JOSH SHAPIRO**
**Attorney General**

By:   *s/ Alexander T. Korn*
      **ALEXANDER T. KORN**
      **Deputy Attorney General**
      **Attorney ID 323957**

**Office of Attorney General**
**15ᵗʰ Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 712-2037**

**akorn@attorneygeneral.gov**

**Date:  October 28, 2022**

**KAREN M. ROMANO**
**Chief Deputy Attorney General**
**Civil Litigation Section**

**Counsel for Defendant**

Defendant Colonel Robert Evanchick, in his official capacity as Commissioner of the Pennsylvania State Police ("PSP"), hereby submits this reply brief in further support of his motion to dismiss the Complaint or, in the alternative, his motion for summary judgment.

## INTRODUCTION

After cutting through the rhetoric and invective, Plaintiffs' opposition brief ultimately boils down to four faulty propositions.

*First*, Plaintiffs assert that the challenged Pennsylvania laws are not presumptively lawful felon dispossession statutes. But Plaintiffs' assertion is in direct conflict with Third Circuit precedent and the plain language of the laws themselves.

*Second*, Plaintiffs assert that the restrictions on concealed carry and transport in § 6106 are unconstitutional because Defendant did not cite to any founding era analogues as required by *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022). But this is <u>not</u> what *Bruen* held or requires.

*Third*, Plaintiffs assert that their challenge to § 6107 is not moot because there are declared states of emergency in the Commonwealth that are currently ongoing. But Plaintiffs do not present any evidence at all that supports this bald assertion.

1

*Fourth*, Plaintiffs assert that they have standing to bring an as-applied challenge to § 6108. But Plaintiffs do not cite to a single allegation in the Complaint in support.

For these reasons, as described further below, and for the reasons described in Defendant's opening and opposition briefs (*see* Doc. 43 and 44), Defendant's motion to dismiss the Complaint should be granted. In the alternative, the Court should grant summary judgment to Defendant on all of Plaintiffs' claims.

## ARGUMENT

**I.    THE CHALLENGED PENNSYLVANIA LAWS ARE FACIALLY CONSTITUTIONAL BECAUSE THEY ARE PRESUMPTIVELY LAWFUL FELON DISPOSSESSION STATUTES**

Plaintiffs assert that §§ 6106-6109 are not presumptively lawful felon dispossession statutes because (i) "Plaintiffs are not 'felons'" and (ii) the statutes apply to people like Plaintiffs "regardless of criminal history." Doc. 46 at 26, 44. Plaintiffs' assertion is both wrong and misleading.

***First***, Plaintiffs are wrong because Plaintiffs are felons. "Traditionally, 'felons' are people who have been convicted of any crime 'that is punishable by death or imprisonment for more than one year.'" *Binderup v. Attorney Gen. U.S. of Am.*, 836 F.3d 336, 347 (3d Cir. 2016) (en banc) (quoting 1 Wayne R. LaFave, *Substantive Criminal Law* § 1.6 (2d ed. 2015)), *abrogated in part on other grounds*, *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022).

Plaintiffs fall into this category because they have each been convicted of a crime that is punishable by a term of imprisonment greater than one year.  *See* Doc. 1 ¶¶ 38-39, 55-56, 71-73.  Nonetheless, Plaintiffs argue that they are not felons because "each of their respective convictions" was labeled a misdemeanor by the jurisdiction in which they were convicted.  Doc. 46 at 26.  But this exact same argument was rejected by the Third Circuit in *Holloway v. Attorney General of the United States*, 948 F.3d 164 (3d Cir. 2020).

The plaintiff in *Holloway* was convicted under Pennsylvania's driving under the influence ("DUI") law, which makes a DUI at the highest blood alcohol content a first-degree misdemeanor that carries a maximum penalty of five years' imprisonment.  *See id*. at 168.  The plaintiff sought to challenge the constitutionality of 18 U.S.C. § 922(g)(1), which prohibits anyone convicted of a felony from possessing a firearm, on the grounds that his DUI offense was a misdemeanor and not a "serious" crime.  *Id*. at 173.  The Court squarely rejected this argument, noting that it is "the maximum penalty that may be imposed" that "reveals how the legislature views an offense" and not the label that the legislature ascribes to it.  *Id*. at 175; *see id*. at 174 (describing state legislative distinctions between misdemeanors and felonies as "minor and often arbitrary") (quoting *Tennessee v. Garner*, 471 U.S. 1, 14 (1985)).  The Court held that "[b]ecause Holloway's DUI misdemeanor conviction carries a maximum penalty of five

years' imprisonment, it is deemed a disqualifying felony under § 922(g)(1)" and "the application of § 922(g)(1) is presumptively lawful." *Id*. at 173.

The same result should attain here. Binderup's and Miller's convictions carry a maximum penalty of five years' imprisonment and Suarez's conviction carries a maximum penalty of three years' imprisonment. *See* Doc. 1 ¶¶ 38-39, 55-56, 71-73. Accordingly, these offenses are deemed a disqualifying felony under § 6109(e)(i)(viii) and the application of §§ 6106-6108 is presumptively lawful.

***Second***, Plaintiffs misstate the reach of the challenged laws by omitting relevant language. Each statute states expressly that the limitations therein do not apply to people with a concealed carry license. *See* 18 Pa.C.S. § 6106(a) (the restrictions only apply to people "without a valid and lawfully issued license under this chapter"); 18 Pa.C.S. § 6107(a) (the restrictions do not apply to a person "[l]icensed to carry firearms under section 6109"); 18 Pa.C.S. § 6108 (the restrictions do not apply if a "person is licensed to carry a firearm"). And the only reason Plaintiffs and other similarly situated individuals cannot obtain a license is because they were convicted of engaging in felony criminal conduct. *See* 18 Pa.C.S. § 6109(e)(1)(viii) ("A license shall not be issued to . . . [a]n individual who is charged with or has been convicted of a crime punishable by imprisonment for a term exceeding one year. . . ."); Doc. 1 ¶ 138.

Thus, the plain language of the challenged laws shows that they are felon dispossession statutes and Plaintiffs' conflicting interpretation must be rejected. *See* 1 Pa.C.S. § 1921(a) ("Every statute shall be construed, if possible, to give effect to all its provisions.").

## II.   THE CONDUCT REGULATED BY § 6106 FALLS OUTSIDE THE SCOPE OF THE SECOND AMENDMENT

Plaintiffs argue that § 6106 – which limits the concealed carrying and transport of firearms by people without a license – cannot constitutionally be applied "to Plaintiffs, as they all enjoy their Second Amendment rights. . . ." Doc. 46 at 45. But this argument presupposes that § 6106 regulates conduct within the scope of the Second Amendment. If it does not, then the application of § 6106 will not (and cannot) violate the Plaintiffs' Second Amendment rights. *See U.S. v. Barton*, 633 F.3d 168, 172 (3d Cir. 2011) ("A lawful prohibition regulates conduct falling outside the scope of the Second Amendment's guarantee.") (internal quotation and alterations omitted), *overruled in part on other grounds, Binderup*.

In response, Plaintiffs assert that § 6106 regulates conduct protected by the Second Amendment because Defendant did not cite to any analogous founding era precedents as required by *New York State Rifle & Pistol Association v. Bruen*. *See* Doc. 46 at 1, 46. Plaintiffs are mistaken. Defendant cited to 19th-century precedents and *Bruen* "reiterated that evidence of 'how the Second Amendment was interpreted from immediately after its ratification through the end of the 19th

century' represent[s] a 'critical tool of constitutional interpretation.'" 142 S. Ct. at 2136 (quoting *Dist. of Columbia v. Heller*, 554 U.S. 570, 605 (2008)). *See* Doc. 43 at 28. Thus, "where a governmental practice has been open, widespread, and unchallenged since the early days of the Republic, the practice should guide our interpretation of" the Second Amendment. *Bruen*, 142 S. Ct. at 2137 (quotation omitted). That rule clearly applies here.

"Th[e] tradition [of prohibiting the concealed carry of firearms] does indeed go back to 1813 and the following decades, at least in some Southern and border states, as well as in Indiana, and by the end of the 19th century the constitutionality of such bans had become pretty broadly accepted." Eugene Volokh, *Implementing the Right to Keep and Bear Arms for Self–Defense: An Analytical Framework and a Research Agenda*, 56 U.C.L.A. L. Rev. 1443, 1516 (2009). *See Bruen*, 142 S. Ct. at 2146 n.16 ("Beginning in 1813 with Kentucky, six States (five of which were in the South) enacted laws prohibiting the concealed carry of pistols by 1846."); *Heller*, 554 U.S. at 626 ("the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues"). These 19th-century analogues prohibiting concealed carry are dispositive because "the public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all

relevant purposes, the same with respect to public carry." *Bruen*, 142 S. Ct. at 2138.

Contrary to Plaintiffs' assertion, *Bruen* held only that "to the extent later history contradicts what the text [of the Second Amendment] says, the text controls." *Id*. at 2137. That truism is inapposite here. The text of the Second Amendment says nothing at all about concealed carry and the 19th-century precedents cited by Defendant do not conflict with the text. *See* U.S. Const. amend. II ("the right of the people to keep and bear Arms, shall not be infringed"); *Bruen*, 142 S. Ct. at 2137 ("post-ratification adoption or acceptance of laws that are <u>inconsistent</u> with the original meaning of the constitutional text obviously cannot overcome or alter that text") (quotation omitted) (emphasis in original).

Thus, unlike the New York firearm licensing regime struck down in *Bruen* – which made it "virtually impossible for most New Yorkers" "to carry a gun outside the home" and conflicted with a "historical consensus that States could not ban public carry altogether" – § 6106 does <u>not</u> ban public carry or conflict with any historical consensus at all. 142 S. Ct. at 2146, 2159 (Alito, J., concurring). Rather, § 6106 regulates <u>the manner</u> of public carry and "[t]he historical evidence from antebellum America does demonstrate that <u>the manner</u> of public carry was subject to reasonable regulation." *Id*. at 2150 (emphasis in original).

7

Indeed, *Bruen* confirmed that states may "lawfully eliminate one kind of public carry—concealed carry—so long as they le[ave] open the option to carry openly." *Id.* That is certainly the case here since § 6106 only limits concealed carry and does not restrict the open carrying of firearms in any way whatsoever. *See Commonwealth v. McKown,* 79 A.3d 678, 689 (Pa. Super. Ct. 2013) (noting that § 6106 "does not prohibit a person from owning a firearm or from carrying a firearm, nor does it proscribe the transportation of a firearm in a vehicle").[1]

Accordingly, Plaintiffs' assertion that the restrictions on concealed carry and transport in § 6106 are unconstitutional for lack of founding era analogues should be rejected.

## III. PLAINTIFFS' CHALLENGE TO § 6107 IS MOOT

Plaintiffs also argue that § 6107 – which limits unlicensed carrying on public property and public streets during declared states of emergency by people who are not actively engaged in self-defense – cannot constitutionally be applied to

---

[1]    The limitations on transport in § 6106 are similarly "analogous to the litany of state concealed carry prohibitions specifically identified as valid in *Heller*" and *Bruen*. *U.S. v. Masciandaro*, 638 F.3d 458, 473-74 (4th Cir. 2011), *abrogated in part on other grounds, Bruen*. *See Clark v. City of Shawnee, Kansas*, 228 F. Supp. 3d 1210, 1231-32 (D. Kan. 2017) ("there is no serious question that firearms being transported in a vehicle are most typically not visible to others outside of the vehicle" and "the similarities between concealed carry and vehicular transportation" are "sufficient in terms of regulatory effect, kind and purpose"); *McKown*, 79 A.3d at 691 ("18 Pa.C.S.A. § 6106 serves to protect the public from persons who would carry <u>concealed</u> firearms for unlawful purposes.") (emphasis added).

Plaintiffs.  *See* Doc. 46 at 45.  But this argument presupposes that Plaintiffs' challenge to § 6107 is not moot.  In response, Plaintiffs assert that their challenge to § 6107 is not moot because "there are declarations of emergency currently in force and triggering Section 6107." *Id*. at 46.  This is false.  Plaintiffs concede that both of the emergency declarations alleged in the Complaint have lapsed and that the Fern Hollow Bridge emergency in Allegheny County that was subsequently proclaimed has also lapsed and cannot be reinstituted.  *See* Doc. 46 at 11 n.11; PA CONST Art. IV, § 20(d).  Defendant has therefore "met [his] burden in demonstrating the mootness of Plaintiff[s'] claim[s]" with respect to § 6107. *Molina v. Pa. Soc. Serv. Union*, 392 F. Supp. 3d 469, 482 (M.D. Pa. 2019).

Nonetheless, Plaintiffs cite to an Emergency Order issued by the Philadelphia Department of Public Health concerning the temporary reinstatement of masking requirements in certain situations to prevent the spread of COVID-19. *See* Doc. 46 at 11 n.11.  But this public health order – which only applies to Philadelphia – is not an emergency declaration at all and does not trigger the carrying restrictions in § 6107.  Plaintiffs have therefore failed to show that their challenge to § 6107 is not moot.  *See Molina*, 392 F. Supp. 3d at 482 ("Plaintiff must demonstrate why this claim is not moot, and the Court finds that Plaintiff has failed to meet this burden.").

Plaintiffs also contend that the restrictions in § 6107 are "an issue capable of repetition and evading review."   Doc. 46 at 11 n.11 (citing *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911)).   Plaintiffs are wrong.[2]   "The capable-of-repetition doctrine is a narrow exception that 'applies only in exceptional situations' where . . .," among other things, "'there is a reasonable expectation that the same complaining party will be subject to the same action again.'"   *Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).   To satisfy this standard Plaintiffs must "adduce 'affirmative evidence' of a reasonable expectation that [they] will be subject to the same conduct again."   *Elliott v. Pa. Intercollegiate Athletic Assoc.*, --- F. Supp. 3d ----, 2022 WL 987887, at *11 (M.D. Pa. Mar. 31, 2022) (Brann, J.).   Plaintiffs have provided no such evidence here.

To the contrary, the evidence shows that Plaintiffs cannot be subject to the same conduct again at any time in the future.   The Pennsylvania Constitution proscribes the governor from issuing a new disaster emergency declaration "based upon the same or substantially similar facts and circumstances" as a prior declaration "without the passage of a concurrent resolution of the General

---

[2]     The remainder of this section is identical to Section III.A.2 in Defendant's opposition brief.  *See* Doc. 44 at 13-15.  Defendant is restating that language here because  Middle  District  Local  Rule  7.8(a)  provides  that  "[n]o  brief  may incorporate by reference all or any portion of any other brief."

Assembly expressly approving the new disaster emergency declaration." PA CONST Art. IV, § 20(d). Thus, the governor cannot unilaterally issue another opioid and/or COVID-19 emergency declaration as a matter of law.

Moreover, the potential that a future declaration related to a separate emergency may impinge Plaintiffs' Second Amendment rights is far too speculative to show that Plaintiffs' challenge to § 6107 is not moot. For this to happen (i) the governor or a municipal official would have to issue another declaration to address a separate and distinct emergency; (ii) the declaration would have to encompass a geographic area that affects Plaintiffs in a personal and individual way; and (iii) the declaration would have to trigger the public carrying restrictions in § 6107 so as to deprive Plaintiffs of a right protected by the Second Amendment. But there is no evidence that any of the foregoing is likely to occur.

Indeed, there has not been a single emergency declaration that impacts Plaintiffs since the Pennsylvania Constitution was amended nearly 17 months ago.[3] Furthermore, a hypothetical future emergency declaration that does impact Plaintiffs may not invoke § 6107 in a manner that conflicts with the Second Amendment at all. By way of example, a future declaration may be based on an

---

[3]     While Plaintiffs point to the emergency declaration for Allegheny County that was issued as a result of the Fern Hollow Bridge collapse, Plaintiffs do not make any allegation that they live or work in Allegheny County or that the declaration affects them in some other personal and individual way.

armed domestic insurrection or an invasion by a foreign military force.  In these situations the attendant restrictions in § 6107 would likely be analogous to historical restrictions on the open carrying of firearms by a person "under circumstances giving just reason to fear that he purposes to make an unlawful use of them."   D. Kopel & J. Greenlee, *The "Sensitive Places" Doctrine*, 13 Charleston L. Rev. 205, 234 n.111 (2018).  *See Bruen*, 142 S. Ct. at 2150 ("Under the common law, individuals could not carry deadly weapons in a manner likely to terrorize others.").  As such, the restrictions would be consistent with the Nation's historical tradition of firearm regulation and would not run afoul of the Second Amendment.

In sum, "[s]uch multifaceted speculation" regrading hypothetical future emergency declarations and their potential effects on Plaintiffs "is too remote for the capable of repetition yet evading review doctrine to apply."   *Scholl v. Thompson*, 2022 WL 525847, at *3 (M.D. Pa. Feb. 22, 2022) (Conner, J.).

For these reasons, Plaintiffs have failed to show that their challenge to § 6107 is not moot.

## IV.   PLAINTIFFS LACK STANDING TO CHALLENGE § 6108

Finally, Plaintiffs argue that § 6108 – which limits unlicensed carrying on the public property and public streets of Philadelphia – cannot constitutionally be applied to Plaintiffs.   *See* Doc. 46 at 45.  But this argument presupposes that

Plaintiffs have standing to challenge § 6108.  As described below, Plaintiffs lack standing because they fail to allege the existence of an injury in fact and also fail to show that any such injury is fairly traceable to the conduct of Defendant.

### A.    Plaintiffs Fail To Allege The Existence Of An Injury In Fact

Plaintiffs assert that they have alleged an injury in fact under § 6108 because "both Plaintiffs Suarez and Miller have intent and desire to carry all types of firearms in Philadelphia."  Doc. 46 at 47.  But these allegations do not appear anywhere in the Complaint.  "When standing is challenged at the pleading stage, 'the plaintiff must clearly . . . allege facts demonstrating each element.'"  *Brito-Munoz v. Walmart, Inc.*, 2022 WL 2111344, at *3 (M.D. Pa. June 10, 2022) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)) (alterations in original).  The pleadings here do not contain any allegations at all that reflect a desire or intent by Plaintiffs to carry firearms in Philadelphia. Accordingly, Plaintiffs lack standing.[4]

In addition, while Plaintiffs allege a generalized desire to carry firearms "throughout the Commonwealth" in the Complaint (Doc. 1 ¶¶ 50(c)-(d), 66(c)-(d), 81(c)-(d)), such non-particularized allegations are insufficient to establish standing for Plaintiffs to challenge a regulation that only applies in Philadelphia.  *See Lance*

---

[4]    Plaintiffs' allegations are also insufficient to confer standing even if they were pled in the Complaint.  *See* Doc. 44 at 21-23.

*v. Coffman*, 549 U.S. 437, 442 (2007) ("Because plaintiffs assert no particularized stake in the litigation, we hold that they lack standing to bring their [constitutional] claim."); *Toth v. Chapman,* 2022 WL 821175, at *8 (M.D. Pa. Mar. 16, 2022) (holding that plaintiffs lacked standing when "[t]heir grievance remains generalized").  Philadelphia is Pennsylvania's largest city and Plaintiffs cannot challenge a law that has far more direct, immediate and personal consequences for each of the city's more than 1.5 million residents than it does for Plaintiffs.  *See Lujan*, 504 U.S. at 560 n.1 (an injury in fact must "affect the plaintiff in a personal and individual way").  Stated differently, "[j]ust because [Plaintiffs] d[o] not like the firearms regulation does not give [them] standing to complain about its legality."  *Westfall v. Miller*, 77 F.3d 868, 870 (5th Cir. 1996).

Accordingly, Plaintiffs have failed to allege facts showing that they have suffered an injury in fact under § 6108.  Plaintiffs lack standing for this reason alone.

## B.  Plaintiffs Fail To Allege That Any Injury Is Fairly Traceable To The Conduct Of Defendant

Nor do Plaintiffs allege that any injury caused by § 6108 is fairly traceable to the conduct of Defendant.  Plaintiffs do not make any allegation in the Complaint or elsewhere that any PSP officer would ever learn of or arrest Plaintiffs for violating § 6108 if Plaintiffs were to carry firearms on the public property and public streets of Philadelphia.  Thus, while Plaintiffs allege in their opposition brief

that "they have refrained from such conduct for fear of prosecution" (Doc. 46 at 47), Plaintiffs do not allege that the PSP would ever arrest or prosecute Plaintiffs if Plaintiffs were to engage in this conduct.

Plaintiffs lack standing for this separate reason as well.  *See Firearm Owners Against Crime v. City of Harrisburg*, 2016 WL 1162283, at *8 (M.D. Pa. Mar. 24, 2016) (holding that plaintiffs lacked standing to challenge a municipal emergency gun ordinance when plaintiffs did not "show that law enforcement would learn of and address their conduct and that municipal authorities would credibly bring prosecution under the challenged ordinance").

## CONCLUSION

For the foregoing reasons, and for the reasons described in Defendant's opening and opposition briefs, Defendant's motion to dismiss should be granted and the Complaint should be dismissed in its entirety.  In the alternative, the Court should grant summary judgment to Defendant on all of Plaintiffs' claims.

Respectfully submitted,

**JOSH SHAPIRO**
**Attorney General**

By:  *s/ Alexander T. Korn*
_____

**Office of Attorney General**              **ALEXANDER T. KORN**
**15th Floor, Strawberry Square**           **Deputy Attorney General**
**Harrisburg, PA 17120**                    **Attorney ID 323957**
**Phone: (717) 712-2037**

**akorn@attorneygeneral.gov**               **KAREN M. ROMANO**
                                            **Chief Deputy Attorney General**
                                            **Civil Litigation Section**

**Date:  October 28, 2022**                 **Counsel for Defendant**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JULIO SUAREZ, DANIEL** | : | |
| **BINDERUP, DANIEL MILLER,** | : | |
| **FIREARMS POLICY COALITION,** | : | |
| **INC.** *and* **SECOND AMENDMENT** | : | **No. 1:21-CV-0710** |
| **FOUNDATION,** | : | |
| **Plaintiffs** | : | **Judge Conner** |
| | : | |
| **v.** | : | **Electronically Filed Document** |
| | : | *Complaint Filed 04/16/21* |
| **ROBERT EVANCHICK,** | : | |
| **Defendant** | : | |

## CERTIFICATE OF SERVICE

I, Alexander T. Korn, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on October 28, 2022, I caused to be served a true and correct copy of the foregoing document titled Reply Brief in Further Support of Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment to the following:

**VIA ELECTRONIC FILING**

**Joshua G. Prince, Esquire**
**Prince Law Office PC**
**646 Lenape Road**
**Bectelsville, PA  19505**
joshua@princelaw.com
*Counsel for Plaintiffs*

 *s/ Alexander T. Korn*
**ALEXANDER T. KORN**
Deputy Attorney General