IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO SUAREZ, DANIEL BINDERUP, DANIEL MILLER, FIREARMS POLICY COALITION, INC. *and* SECOND AMENDMENT FOUNDATION, | : : : : : : | No. 1:21-CV-0710 |
| Plaintiffs | : : | Judge Conner |
| v. | : : | Electronically Filed Document *Complaint Filed 04/16/21* |
| ROBERT EVANCHICK, | : : | |
| Defendant | : | |

**DEFENDANT'S NOTICE OF
SUPPLEMENTAL PRECEDENTIAL AUTHORITY**

Defendant Robert Evanchick, by and through counsel, provides notice of a precedential decision issued by Third Circuit Court of Appeals in *Range v. Attorney General of the United States of America*, No. 21-2835 (attached hereto as Exhibit A). The Court in *Range* considered an as-applied challenge to 18 U.S.C. § 922(g)(1), which makes "it 'unlawful for any person . . . who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year,'" or of any "felony-equivalent" state law misdemeanor "punishable by more than two years' imprisonment," from possessing a firearm. *Id*. at 4 (quoting 18 U.S.C. § 922(g)(1)). The plaintiff pled guilty in 1995 to a charge of welfare fraud under 62 Pa. Cons. Stat. § 481(a), which at that time was a state law misdemeanor punishable by up to five years' imprisonment. *Id*. The plaintiff asserted "that the

Government has failed to meet its burden of proving that the plaintiff's conviction places him outside the scope of those entitled to Second Amendment rights based on the historical analysis of those who can be disarmed." *Id*. at 44 (quotation omitted).  The Court rejected the plaintiff's claim.

The Court held that after the decision of the United States Supreme Court in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), the "multifactored seriousness inquiry" for as-applied challenges to § 922(g)(1) that was developed in *Binderup v. Attorney General*, 836 F.3d 336 (3d Cir. 2016) (en banc) "no longer applies." *Id*. at 14 n.9.  Instead, "[i]n the context of a challenge based upon the challenger's status post-*Binderup*, *Bruen* requires consideration of whether there is a historical foundation for governmental restrictions on firearms possession based on the challenger's specific status." *Id*.  The Court held that "our Nation's tradition of firearm regulation permits the disarmament of those who committed felony or felony-equivalent offenses." *Id*. at 49.  The Court also held that "[t]he Government has also shown that Range was convicted of a felony or felony-equivalent offense." *Id*.  "Accordingly, Range may be disarmed consistent with the Second Amendment." *Id*.

The same result should attain here and Defendant can provide supplemental briefing on this issue if the Court believes that it would be helpful.

             **Respectfully submitted,**

             **JOSH SHAPIRO**
             **Attorney General**

          **By:** *s/ Alexander T. Korn*
             **ALEXANDER T. KORN**
**Office of Attorney General**   **Deputy Attorney General**
**15th Floor, Strawberry Square** **Attorney ID 323957**
**Harrisburg, PA 17120**
**Phone: (717) 712-2037**   **KAREN M. ROMANO**
             **Chief Deputy Attorney General**
**akorn@attorneygeneral.gov**  **Civil Litigation Section**

**Date:  December 5, 2022**   **Counsel for Defendant**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULIO SUAREZ, DANIEL BINDERUP, DANIEL MILLER, FIREARMS POLICY COALITION, INC.** *and* **SECOND AMENDMENT FOUNDATION,** | : : : : : : | No. 1:21-CV-0710 |
| Plaintiffs | : : | Judge Conner |
| v. | : : | **Electronically Filed Document** *Complaint Filed 04/16/21* |
| **ROBERT EVANCHICK,** | : : | |
| Defendant | : | |

## CERTIFICATE OF SERVICE

I, Alexander T. Korn, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on December 5, 2022, I caused to be served a true and correct copy of the foregoing document titled DEFENDANT'S NOTICE OF SUPPLEMENTAL PRECEDENTIAL AUTHORITY to the following:

## VIA ELECTRONIC FILING

**Joshua G. Prince, Esquire**
**Prince Law Office PC**
**646 Lenape Road**
**Bectelsville, PA  19505**
joshua@princelaw.com
*Counsel for Plaintiffs*

                                    *s/ Alexander T. Korn*
                                 **ALEXANDER T. KORN**
                                 Deputy Attorney General