# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JULIO SUAREZ;** | : Civil Rights Complaint |
| **DANIEL R. BINDERUP;** | : 42 U.S.C. § 1983 |
| **DANIEL F. MILLER;** | : |
| **FIREARMS POLICY** | : Docket No. 1:21-cv-00710 |
| **COALITION, INC.; and,** | : |
| **SECOND AMENDMENT** | : |
| **FOUNDATION,** | : |
| | : |
| Plaintiffs, | : |
| | : |
| **v.** | : |
| | : |
| **COL. ROBERT EVANCHICK,** | : |
| Commissioner of Pennsylvania | : |
| State Police, | : |
| Defendant | : |

## REVISED FOURTH NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully notify the Court that on Friday, April 26th, after the filing of Plaintiffs' Fourth Notice of Supplemental Authority involving the permanent injunction issued by Judge William S. Stickman, IV., of the Western District of Pennsylvania in *Lara, et al. v. Commissioner Pennsylvania State Police*, 2:20-cv-1582, the Pennsylvania State Police Commissioner filed an Emergency Motion to Alter or Amend Judgment on the basis that the Third Circuit Court of Appeals never addressed

constitutionality of Sections 6106, 6109 and only remanded the matter for the district court to issue an injunction "forbidding the Commissioner from arresting law-abiding 18-to-20-year-olds who openly carry firearms during a state of emergency declared by the Commonwealth." Before Plaintiffs had an opportunity to respond, Judge Stickman issued a new Order, amending the previous Order; whereby, the amended Order merely enjoins the Commissioner from arresting law-abiding 18-to-20-year-olds who openly carry firearms during a state of emergency.

A copy of Defendant's Motion and the Order are attached hereto.

Respectfully Submitted,

Joshua Prince, Esq.
Attorney Id. No. 306521
Joshua@PrinceLaw.com
Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505
610-845-3803
610-845-3903 (fax)
Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MADISON M. LARA, SOPHIA KNEPLEY, LOGAN D. MILLER, SECOND AMENDMENT FOUNDATION, INC. and FIREARMS POLICY COALITION, | } } } } } | No. 2:20-cv-01582-WSS Judge Stickman |
| Plaintiff, | } } | |
| vs. | } } | |
| COL. ROBERT EVANCHICK, Commissioner of Pennsylvania State Police, | } } } | |
| Defendant. | } } | *Electronically Filed.* |

## EMERGENCY MOTION TO ALTER OR AMEND JUDGMENT UNDER Fed. R.Civ. P. 59(e), OR IN THE ALTERNATIVE A MOTION FOR RECONSIDERATION UNDER Fed. R.Civ. P. 60(b)

AND NOW, comes the defendant, Col. Robert Evanchick ("the Commissioner"), by his attorneys, Scott A. Bradley, Senior Deputy Attorney General, and Nicole R. DiTomo, Chief Deputy Attorney General, Chief, Litigation Section, and hereby moves to alter or amend the judgment under Fed. R.Civ. P. 59(e) or, in the alternative, move for reconsideration under Fed. R.Civ. P. 60(b) with respect to the Order of Court [ECF 51] recently entered by the Court, saying as follows:

1. The complaint in this case raised three counts: (1) that statutory restrictions on Plaintiffs' open-carry rights during declared emergencies violate the rights of 18-to-20-year-olds under the Second Amendment, *see* 18 Pa.C.S. § 6107; (2) that statutory restrictions on carrying and transporting firearms violate the rights of 18-to-20-year-olds under the Second Amendment, *see* 18 Pa.C.S. § 6106; and (3) that the statutory requirement that an individual be at least 21 years of age to obtain a concealed-carry permit violates the rights of 18-to-20-year-olds under the Second Amendment, *see* 18 Pa.C.S. § 6109. *See* Complaint [ECF 1]. The Commissioner of the

State Police is the sole defendant named in the complaint, and is sued in his official capacity only. *Id.*

2.  On April 16, 2021, this Court issued an Opinion [ECF 39] and Order [ECF 40] dismissing the Complaint with prejudice and denying Plaintiffs' Motion for Preliminary Injunction as moot.  By separate order also issued on April 16, 2021, the Court entered Judgment in favor of the Defendant and against Plaintiffs pursuant to Federal Rule of Civil Procedure 58. *See* Order [ECF 41].

3.  In reversing that order, the Third Circuit Court of Appeals did not order this court to enter judgment in Plaintiffs' favor on all of their claims.  Rather, the Third Circuit's mandate was narrower and more specific.  That Court "remand[ed] with instructions to enter an injunction **forbidding the Commissioner from arresting law-abiding 18-to-20-year-olds who openly carry firearms during a state of emergency declared by the Commonwealth**."  *Lara v. Commissioner Pennsylvania State Police*, 91 F.4th 122, 140 (3d Cir. 2024) (emphasis added). This paragraph reflects the extent of the relief obtained by Plaintiffs in this matter; a direction that law-abiding 18-to-20-year-olds who openly carry firearms during a state of emergency declared by the Commonwealth not be arrested by members of the Pennsylvania State Police.

4.  The Third Circuit did *not* instruct this court to enter any orders enjoining the enforcement of the age restrictions on *concealed-carry licenses*.

5.  Nevertheless, in its April 24, 2024 Order [ECF 51], this Court went beyond the Circuit Court's mandate by enjoining the Commissioner, his employees, and non-parties "who have notice of the injunction" from "enforcing their laws, policies, and practices that prevent Plaintiffs, and those similarly situated between the ages of 18 and 20 years old, who are not disqualified from exercising their Second Amendment rights and wish to acquire license under

2

18 Pa.C.S. § 6109, from applying for and being issued such a license." Order of Court [ECF 51], at 1.

6. Respectfully, this Order exceeds the scope and intent of the Third Circuit's mandate and this Court's jurisdiction.

7. It is axiomatic that "an inferior court has no power or authority to deviate from the mandate issues by an appellate court." *United States v. Kennedy*, 682 F.3d 244, 252 (3d Cir. 2012) (holding that district court exceeded the scope of the Third Circuit's mandate, which remanded for resentencing only) (citations omitted). Therefore, "on remand for further proceedings after decision by an appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal." *Bankers Tr. Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir. 1985).

8. It is equally well-established that, as a matter of due process, "no court can make a decree which will bind anyone but a party; a court of equity is as much so limited as a court of law; it cannot lawfully enjoin the world at large, no matter how broadly it words its decree." *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832-33 (2d Cir. 1930).

9. As the High Court explained in *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969), "[i]t is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process. The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." (internal citations omitted). *See also Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 13 (1945) (courts may not grant an injunction "so broad as to make punishable the conduct of persons who act independently and whose rights have not been adjudged according to law"). Put

3

simply, entering an injunction against a non-party "is forbidden[.]"  *Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1395 (Fed. Cir. 1996).

10. A Rule 59(e) motion to amend judgment is permissible on any of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued the challenged decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Blystone v. Horn*, 664 F.3d 397, 414 (3d Cir. 2011) (internal quotation marks omitted); Fed. R.Civ. P. 50(e).

11. Respectfully, this Court misinterpreted the Third Circuit's order as requiring the enjoining of Pennsylvania law restricting 18-to-20-year olds from obtaining a concealed carry permit.  That is not what the Circuit Court ordered.  The Third Circuit's order is limited to "forbidding the Commissioner from arresting law-abiding 18-to-20-year-olds who openly carry firearms during a state of emergency declared by the Commonwealth."  *Lara*, 91 F.4th at 140. The inclusion of an injunction beyond what the Third Circuit mandated constitutes clear error of law, as it goes beyond the clear language of the Third Circuit's order. *See Kennedy*, 682 F.3d at 252.

12. Additionally, by entering an injunction attempting to bind non-parties (anyone "who have notice of the injunction"), this Court exceeded the scope of its jurisdiction.  This also constitutes clear error of law. *See Zenith Radio Corp.*, 395 U.S. at 110.

13. Alternatively, a Rule 60(b) motion for reconsideration may be used when there is mistake or inadvertence.  Fed. R.Civ. P. 60.  As discussed above, this Court, respectfully, made a mistake in enjoining conduct not covered by the Third Circuit's mandate and attempting to enjoin the behavior by non-parties who had no opportunity to present arguments in this case or defend their interests.

4

14.   The Third Circuit's decision not to order that 18-to-20-year-olds may obtain concealed-carry licenses was no accident.  As the Commissioner has emphasized throughout these proceedings, neither he nor the Pennsylvania State Police have the authority to issue or grant concealed carry firearm licenses pursuant to Pennsylvania law.  Rather, those permits are issued by municipal sheriff offices, which are not—and never were—parties to this lawsuit. *See Lara*, 91 F4th at 139 n.24 ("Only county sheriffs may grant concealed-carry licenses.").  In their appellate reply brief, Plaintiffs acknowledged this, but stated that enjoining the Commissioner from arresting 18-to-20-year-olds during emergencies was sufficient to remedy their injuries. *See* Plaintiff's 3d Cir. Reply Br. at 4 [3d Cir. ECF 38].

15.   Given this concession by Plaintiffs, the Third Circuit limited the scope of its ruling to enjoining the Commissioner from arresting 18-to-20-year-olds for *open* carrying during emergencies under 18 Pa.C.S. § 6107. *See Lara*, 91 F.4th at 139, 140.  The Third Circuit held that this was all that was necessary to redress Plaintiffs' constitutional injury. *Id.*

16.   Yet, the order recently entered by this Court grants wider relief than permitted by the Third Circuit's opinion.  This, respectfully, was a mistake.

17.   It was clear error and/or a mistake for this Court to exceed the scope of the Third Circuit's mandate and to enjoin individuals or entities not a party to this action.

18.   Accordingly, the Court should amend its order to reflect the precise relief directed by the Third Circuit or, in the alternative, reconsider its order and issue an order consistent with the direction provided by the Third Circuit.

19.   This Court's judgment should mirror the language of the Third Circuit and only enjoin the Commissioner and his officers, agents, and employees from arresting law-abiding 18-

to-20-year-olds who openly carry firearms during a state of emergency declared by the Commonwealth.

20.  The Commissioner respectfully requests that this Court expedite its consideration of this motion, and move expeditiously to amend its order so as to avoid further confusion about the availability of concealed-carry-licenses for 18-to-20-year-olds. *See*, *e.g.*, "Pa. Sheriff Association Issues Guidance to Sheriffs Regarding LTCF Applications of 18-20 Year Olds," 04/25/24, https://blog.princelaw.com/2024/04/25/pa-sheriff-association-issues-guidance-to-sheriffs-regarding-ltcf-applications-of-18-20-year-olds/.

WHEREFORE, the Commissioner respectfully requests that the present Motion be granted.

Respectfully submitted,

MICHELLE A. HENRY
Attorney General

s/ Scott A. Bradley

Office of Attorney General
Litigation Section
1521 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222

Phone: (412) 565-3586
Fax:    (412) 565-3019

Date:  April 26, 2024

Scott A. Bradley
Senior Deputy Attorney General
Attorney I.D. No. 44627

Nicole R. DiTomo
Chief Deputy Attorney General

6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MADISON M. LARA, SOPHIA KNEPLEY,        }
LOGAN D. MILLER, SECOND AMENDMENT       }    No. 2:20-cv-01582-WSS
FOUNDATION, INC. and FIREARMS POLICY    }
COALITION,                              }    Judge Stickman
                                        }
              Plaintiff,                }
                                        }
                                        }
        vs.                             }
                                        }
                                        }
COL. ROBERT EVANCHICK,                  }
Commissioner of Pennsylvania State Police, }
                                        }    *Electronically Filed.*
              Defendant.                }

## ORDER OF COURT

AND NOW, this __26__ day of __April__, 2024, upon consideration of the Defendant's Emergency Motion to Alter or Amend Judgment under Fed. R.Civ. P. 59(e) or, in the Alternative, Motion for Reconsideration under Fed. R.Civ. P. 60(b) heretofore filed, **IT IS HEREBY ORDERED** that said Motion is **GRANTED. ACCORDINGLY**, the Order of Court [ECF 51] is **HEREBY AMENDED** to read as follows: The Commissioner of the Pennsylvania State Police is hereby enjoined from arresting law-abiding 18-to-20-year-olds who openly carry firearms during a state of emergency declared by the Commonwealth under 18 Pa.C.S. § 6107.

BY THE COURT:

William S. Stickman,
United States District Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing Third Notice of Supplemental Authority was filed electronically through the Middle District of Pennsylvania Electronic Filing System. Notice of these filing will be sent by operation of the Court's Electronic Filing System to all registered users in this case.

Joshua Prince, Esq.