IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JULIO SUAREZ, *et al.*,  :
  :
           **Plaintiffs**  :
v.  :  Civil Action No. 1:21-CV-710
  :
COL. ROBERT EVANCHICK,  :
  :
           **Defendant**  :

## DECLARATION OF DANIEL BINDERUP

I, Daniel Binderup, am competent to state and declare the following based on my personal knowledge:

1. I, Daniel Binderup,
   a. Am a citizen of the United States;
   b. Am over the age of 21;
   c. Am not under indictment;
   d. Have never been convicted of a felony or misdemeanor crime of domestic violence;
   e. Have only once been convicted of a crime punishable by more than one (1) year;
   f. Am not a fugitive from justice;
   g. Am not an unlawful user of, or addicted to, any controlled substance;

    h. Have not been adjudicated a mental defective or been committed to a mental institution;

    i. Have not been discharged from the Armed Forces under dishonorable conditions;

    j. Have never renounced my citizenship; and,

    k. Am not the subject of a restraining order relating to an intimate partner.

2. I am a resident and citizen of the Commonwealth of Pennsylvania.

3. I am a member of Firearms Policy Coalition and the Second Amendment Foundation.

4. In 1997, I pled guilty to a violation of 18 Pa.C.S. § 6301 – corruption of a minor, as a result of a consensual sexual relationship with a seventeen-year-old employee at my bakery and for which, I received three years of probation, a $300.00 fine, plus court costs and restitution.

5. I have never been charged with nor convicted of any other misdemeanor or felony offense.

6. I am not disqualified from exercising my Second Amendment rights, as held by the Third Circuit in *Binderup v. Att'y Gen. United States*, 836 F.3d 336 (3d Cir. 2016) (*en banc*).

7. I lawfully own and possess rifles, shotguns, and handguns.

8. I have desired and continue to desire to exercise my right to bear arms by carrying loaded, operable firearms on my person, in public, for lawful purposes including self-defense,

9. The constitutionally protected conduct I seek to engage in while exercising my right to bear arms exceeds the limited exceptions contained in 18 Pa.C.S. §§ 6106, 6107, and 6108.

10. In March of 2018, I applied for a license to carry firearms with my County Sheriff as required by 18 Pa.C.S. § 6109 and was denied that license the Defendant's Pennsylvania State Police ("PSP").

11. As I was unaware of any putative disability, I subsequently filed a Pennsylvania Instant Check System Challenge Form, to which the Pennsylvania State Police responded on March 23, 2018, stating that I was denied, as my 1997 conviction for corruption of a minor was putatively prohibiting under 18 Pa.C.S. § 6109(e)(1)(viii), as a crime punishable by imprisonment for a term exceeding one year.

12. It is my present intention and desire to carry loaded and unloaded, operable firearms, including a handgun, on my person and in motor vehicles, in public for all lawful purposes including self-defense and in case of confrontation, without being subjected to criminal sanction and the loss of my liberty and

rights under Defendant's laws and to procure a license to carry firearms to lawfully do as much.

13. It is also my present intention and desire to be able to lawfully transport and carry all of my firearms within the Commonwealth, without restriction, including but not limited to being able to:

    a. During an emergency proclaimed by a State or municipal governmental executive:

        i. Purchase a firearm from a Federal Firearm Licensee and transport that unloaded firearm, while on the public streets and public property, to:

            A. My home or other place of abode;

            B. To another Federal Firearm Licensee;

            C. A range or other location providing for target shooting;

            D. A place of business;

            E. A friend's house; and,

            F. A place where I desire to hunt;

        ii. With an unloaded firearm, travel on the public streets and public property from any of the locations specified in ¶ 13, a.,i., *supra*, to:

            A. A range or other location providing for target shooting;

    B. A Federal Firearm Licensee;

    C. A place of business;

    D. A place of abode;

    E. A friend's house; and,

    F. A place where I desire to hunt;

   iii. With an unloaded firearm, while traveling on the public streets and public property, stop for a bathroom breaks, food, coffee, or to pick up or drop off a friend, when going to or from any of the locations specified in ¶¶ 13, a., i. and ii, *supra*;

 b. In the absence of an emergency proclaimed by a State or municipal governmental executive, with an unloaded firearm, stop for a bathroom breaks, food, non-alcoholic drinks and coffee, or to pick up or drop off a friend, when going to or from:

  i. a range;

  ii. target shooting;

  iii. a place of purchase to my home or place of business;

  iv. a place of repair, sale or appraisal;

  v. a place of abode or business to another; and,

  vi. a place where I desire to hunt.

   c. In the absence of an emergency proclaimed by a State or municipal governmental executive, with an unloaded firearm, travel throughout the Commonwealth to and from lawful places, where I may otherwise lawfully possess and carry a firearm, including, but not limited to:

      i. friends' houses;

      ii. businesses; and,

      iii. from a successful hunt to a business that processes/butchers the successfully taken game.

   d. Regardless of whether during or in the absence of an emergency proclaimed by a State or municipal governmental executive, travel in a mode of transportation and carry on the public streets and public property throughout the Commonwealth a loaded, operable firearm on my person for self-defense, defense of my family and others, and in case of confrontation in public requiring defensive action, including transporting and carrying that loaded and operable firearm to, but not limited to:

      i. grocery stores, including ones that I frequent, such as Sharp Shopper at 1100 Sharp Ave, Clay Twp, PA 17522, which is approximately 11 miles from my home;

      ii. stores and malls, including ones that I frequent, such as Red Rose Commons at 1700 Fruitville Pike, Lancaster, PA 17601, which is approximately 12 miles from my home;

      iii. restaurants, including ones that I frequent, such as Kountry Kitchen Family Restaurant, 944 Lebanon Rd, Manheim, PA 17545, which is approximately 2 miles from my home; and,

      iv. friends' and family members' houses, including ones that I frequent, such as my friend Scott Secrest, in Manheim, PA 17545, which is approximately 5 miles from my home.

   e. Due to the location of my home in relation to all the aforementioned locations, I am unable to transport or carry a firearm on my person, whether concealed or openly, while walking or otherwise traversing on foot the distances between my home and those locations, especially in the event of any purchases at those locations and the need to additionally carry those purchases back to my home.

14. However, as a result of Defendant's active enforcement of Sections 6109(d)(2), (e)(1)(viii), he is preventing me from obtaining a license to carry firearms, and therefore subjecting me to the carry and transportation restrictions specified in 18 Pa.C.S. §§ 6106, 6107, and 6108, which Defendant is also actively enforcing and which criminalizes my desired

conduct to lawfully carry or otherwise transport firearms to and from the aforementioned locations and for the aforementioned activities, including for self-defense and in case of confrontation in public requiring defensive action.

15. As a result of Defendant's current enforcement of 18 Pa.C.S. §§ 6106, 6107, and 6108, if I carry or otherwise transport a loaded or unloaded firearm on my person and in motor vehicles, in public, for lawful purposes including self-defense, I will be subject to arrest, prosecution, imprisonment, loss of liberty, and loss of my Second Amendment rights.

16. I am a responsible, law-abiding, peaceable citizen with no history of violent behavior, mental health disqualification, or other conduct that would suggest I pose any threat or danger to myself or others.

17. I have to this time abstained from carrying or otherwise transporting a loaded and unloaded firearm on my person and in motor vehicles, in public, for lawful purposes including self-defense, based on my reasonable fear of arrest, prosecution, incarceration, and/or fine under the Commonwealth's laws as they are actively being enforced by Defendant.

18. I intend to carry or otherwise transport a loaded and unloaded firearm on my person and in motor vehicles, in public, for lawful purposes including self-defense, as all law-abiding adult citizens are constitutionally entitled to.

19. Unless and until an injunction issues preventing the enforcement of the Commonwealth's criminal laws preventing me from carrying and otherwise transporting firearms in public, and/or preventing the enforcement of 18 Pa.C.S. §§ 6109(d)(2), (e)(1)(viii) and Defendant's policies and enforcement practices denying me a license to carry under § 6109, I face arrest, prosecution, incarceration, fine, loss of liberty, and loss of my Second Amendment rights for violating the Commonwealth's criminal laws preventing me from carrying and otherwise transporting firearms in public.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my information, knowledge and belief.

Date: August 11, 2022

*Daniel Binderup* (signature)
Daniel Binderup