# EXHIBIT 3

## AFFIDAVIT OF CHRISTOPHER REES

I, Christopher W. Rees, hereby declare, under penalty of perjury in accordance with 28 U.S.C. § 1746, that the following facts are true and correct based upon my personal knowledge or from my review of records routinely maintained during the operation of the Bucks County District Attorney's Office:

1. I am a Deputy District Attorney (DDA) for the Bucks County District Attorney's Office (DA's Office).

2. I have been with the DA's Office since August of 2009.

3. In my current position as DDA, I am responsible for assisting in the administration of the office. I am a member of the office's Violent Crime and Controlled Substances Unit.

4. These duties of this unit include assisting in the investigation and prosecution of crimes involving firearms and drug trafficking.

5. The Pennsylvania State Police asked me to provide information relating to Section 6106's usage in Bucks County following the appeal in *Suarez*.

### Firearms concerns in Bucks County (public interest)

6. In Bucks County, our primary concern is the safety of people in our community and securing justice for victims of crimes.

7. To that end, we can understand how the statute continues to protect people in Bucks County as a result of an increased danger of firearms concealed in

a vehicle in the same manner danger is increased when firearms are concealed upon a person.

## Section 6106 statistics

8. Arrests and prosecutions for Section 6106 alone are exceedingly rare in Bucks County.

9. The past 12 months, our office charged Section 6106 in only 91 cases.

10. In only 11 of those cases where all the data remains available was Section 6106 the sole charge, not counting summary traffic violations.

11. Of those 11, data available to us show only 7 prosecutions were a result of a traffic stop unrelated to other criminal activities.

12. During that same period, police in Bucks County referred to the Attorney General approximately zero cases that resulted from traffic stops.

13. Most of the time Section 6106 is charged with violations of The Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780-101, et seq.

## Loss of Section 6106 (firearm concealed in a vehicle)

14. The loss of Section 6106 where the firearm is concealed in a vehicle would hamper the ability of law enforcement to investigate charges where a person is precluded by law from possessing a firearm.

15. The loss of Section 6106 where the firearm is concealed in a vehicle could result in an increased danger to the public and to law enforcement, particularly

when the latter is unwittingly investigating a vehicle where a person inside is armed with a firearm.

_____
Christopher W. Rees
Deputy District Attorney
Bucks County District Attorney's Office

Executed on _____ 8-12-24 _____ (date)