**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JULIO SUAREZ;** | : | Civil Rights Complaint |
| **DANIEL R. BINDERUP;** | : | 42 U.S.C. § 1983 |
| **DANIEL F. MILLER;** | : | |
| **FIREARMS POLICY** | : | Docket No. 1:21-cv-00710 |
| **COALITION, INC.; and,** | : | |
| **SECOND AMENDMENT** | : | |
| **FOUNDATION,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **Col. CHRISTOPHER PARIS,** | : | Judge Christopher C. Conner |
| Commissioner of Pennsylvania | : | |
| State Police, | : | |
| Defendant | : | |

**MOTION TO ENTER FINAL JUDGMENT**

Plaintiffs, by and through their counsel, hereby move this court, pursuant to F.R.C.P. 58(d), to enter a final judgment after its August 8, 2024 Order and aver as follows:

1. Following Plaintiffs' Second Motion for Summary Judgment (Doc. 39) and Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 41), this court issued an Order (Doc. 62) and Memorandum (Doc. 61),

dated July 24, 2024, granting Plaintiffs' challenge to 18 Pa.C.S. § 6107 and, in part, to a portion of 18 Pa.C.S. § 6106, but granting Defendant's motion to dismiss in relation to 18 Pa.C.S. § 6108, as well as, Defendant's motion for summary judgment regarding other provisions of 18 Pa.C.S. §§ 6106, 6109.

2. As part of the July 24, 2024 Order, this Court gave Plaintiffs leave to amend their complaint to allege facts relevant to Plaintiffs' desire to carry firearms in Philadelphia, holding that in the absence of any such pleadings the Plaintiffs lacked standing to contest the constitutionality of Section 6108, which prohibits the Plaintiffs from carrying, *in toto*, firearms in "Cities of the First Class,"[1] absent a license to carry firearms that they are ineligible for under the challenged provision of Section 6109.

3. The Order (Doc. 62) provided that, in the event Plaintiffs submitted an amended complaint, Plaintiffs' claims "shall be

[1] Pursuant to 53 P.S. § 101, Philadelphia is a city of the first class.

immediately severed and transferred to the United States District Court for the Eastern District of Pennsylvania."

4. Following the issuance of the July 24 Order, Defendant filed a Notice of Appeal (Doc. 66) on July 26, 2024,[2] and Plaintiffs filed their own Notice of Appeal (Doc. 68) on August 2, 2024,[3] seeking review of the Judgment, Order, and Memorandum entered on July 24th and 25th, 2024.

5. Subsequently, on August 7, 2024, Plaintiffs filed their Amended Complaint (Doc. 72), upon which the District Court issued an Order (Doc. 73) on August 8, 2024 severing Plaintiffs' challenge to Section 6108, transferring it to the U.S. District Court for the Eastern District of Pennsylvania, and closing the case in the Middle District.

6. Thereafter, the U.S. District Court for the Eastern District of Pennsylvania docketed the matter as *Suarez, et al. v. Paris*,

---

[2] It was docketed by the U.S. Court of Appeals for the Third Circuit, as *Suarez, et al. v. Comm'r Pennsylvania State Police*, No. 24-2395.

[3] It was docketed by the U.S. Court of Appeals for the Third Circuit, as *Suarez, et al. v. Comm'r Pennsylvania State Police*, No. 24-2436.

5:24-cv-04087.

7. In the interim, the Third Circuit directed[4] the Parties to file responses to whether Defendant's appeal and Plaintiffs' cross-appeal were to a final appealable order, which the Parties responded to on August 21, 2024.

8. Given the unusual nature of the July 24, 2024 Order in conjunction with the issuance of the August 8, 2024 Order, Plaintiffs protectively filed a Second Notice of Appeal (Doc. 76) on August 27, 2024,[5] to ensure a proper appeal was effectuated.

9. On September 10, 2024, the Third Circuit issued a new Order, *inter alia*, stating that while the "Clerk's Office will not submit the appeals at Nos. 24-2395 and 24-2436 for dismissal at this time…[t]his does not signify that a determination of jurisdiction has been made…[and] the

[4] *See* Exhibit A, which includes a copy of the initial Order of July 30, 2024 (Doc. 3), which was amended by the Order of August 7, 2024 (Doc. 9), which is also included in Exhibit A.

[5] It was docketed by the U.S. Court of Appeals for the Third Circuit, as *Suarez, et al. v. Comm'r Pennsylvania State Police*, No. 24-2602.

parties are directed to address this Court's jurisdiction in their briefs." [6]

10. F.R.C.P. 58(d) provides: "Request for Entry. A party may request that judgment be set out in a separate document as required by Rule 58(a)."

11. Although Plaintiffs believe this Court's Order of July 24, 2024 was a final order within the meaning of 28 U.S.C. § 1291, to ensure that there can be no dispute that this Court has issued a final order, Plaintiffs respectfully request, pursuant to F.R.C.P. 58(d), that this Court enter a new final judgment, since issuance of its August 8, 2024 Order.

12. Defendant Paris does not concur in this Motion.

Date: September 13, 2024

Respectfully Submitted,

Joshua Prince, Esq.
Attorney Id. No. 306521
Joshua@CivilRightsDefenseFirm.com
Civil Rights Defense Firm, P.C.

[6] *See* Exhibit B.

646 Lenape Road
Bechtelsville, PA 19505
888-202-9297
610-400-8439 (fax)
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing Notice of Appeal was filed electronically through the Middle District of Pennsylvania Electronic Filing System. Notice of this filing will be sent by operation of the Court's Electronic Filing System to all registered users in this case.

Joshua Prince, Esq.